396 So.2d 296 (1981)
STATE of Louisiana
v.
Ronald WILLIAMS.
No. 80-KA-1857.
Supreme Court of Louisiana.
March 11, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., Glynn F. Voisin, Asst. Dist. Atty., for plaintiff-appellee.
Jeffrey J. Himel, Houma, for defendant-appellant.
PER CURIAM.
Defendant Ronald Williams was charged by bill of information with intentionally passing a forged check, a violation of La. R.S. 14:72. On June 5, 1980, he was tried before a six person jury, which found him guilty as charged. Thereafter, the court sentenced him to serve five years at hard labor. On appeal he urges two assignments of error.
We have reviewed defendant's first assignment of error, relative to the sufficiency of the evidence, and found it to be without merit. However, we are unable to review defendant's second assignment, contending that his sentence was excessive, because the trial court's statement of sentencing reasons does not set forth the considerations taken into account nor its factual findings,[1] as required by Louisiana Code of Criminal Procedure Article 894.1.
We have held that the sentence must be particularized to the defendant and his offense, taking into account any mitigating circumstances in the case. See, State v. Smith, 389 So.2d 1262 (La.1980); State v. Jackson, 360 So.2d 842 (La.1978). When the reasons for an apparently severe sentence are not assigned and do not appear on the record itself, the sentence must be vacated. See, State v. Cox, 369 So.2d 118 (La.1979); compare, State v. Day, 391 So.2d 1147 (La.1980).
*297 Accordingly, defendant's conviction is affirmed, but the sentence is set aside and the case is remanded for resentencing in compliance with Article 894.1.
NOTES
[1] A mere recitation of the factors listed by Article 894.1 as justifying imprisonment will not suffice to explain the sentence imposed absent some articulation why they are applicable. State v. Franks, 373 So.2d 1307 (La.1979).