418 So.2d 594 (1982)
STATE of Louisiana
v.
Thomas H. FERGUS and Louise P. Bradshaw, a/k/a Louise Bradshaw Fergus.
No. 81-KA-2633.
Supreme Court of Louisiana.
June 21, 1982.
Rehearing Denied September 3, 1982.
*595 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Lavalle B. Salomon, Asst. Dist. Atty., for plaintiff-appellee.
Max Zelden, Zelden & Zelden, New Orleans, for defendants-appellants.
ISRAEL M. AUGUSTINE, Jr., Justice. Ad Hoc.[*]
Defendants Louise P. Bradshaw and Thomas H. Fergus were charged by bill of information with having violated La.R.S. 40:967, governing distribution of marijuana, a controlled dangerous substance.
At arraignment on January 28,1981, both defendants pleaded not guilty. Later, as a result of plea bargaining, the defendants were allowed to withdraw their former pleas and enter pleas of guilty to attempted distribution of marijuana. The trial judge scheduled a pre-sentence investigation as to each defendant, and on August 5, 1981, upon review of the investigation reports, the trial court sentenced each defendant to serve five years at hard labor and to pay a fine of $2,500.00 and costs.
The operable facts in this case are as follow:
In December 1980, Detective Bryan Boney of the West Monroe Police Department was told by a confidential informant that a former friend had telephoned and inquired as to the informant's interest in obtaining large quantities of marijuana. On January 8, 1981 Detectives Boney and Pat Stewart were introduced to the female friend named "Stormy" over the telephone. During their initial conversation, the central topic was the eventual sale of marijuana. Discussion included prices, quantities and grades of marijuana to be supplied to the officers by the defendants within the near future. Further taped conversations became more detailed to include the various logistic problems associated with the dealtransportation of the marijuana from Dallas to Monroe, Louisiana; finance of the venture, etc.
The January 8th conversation was not limited to generalities, however, for it was there agreed that the next day, January 9th, Officers Boney and Stewart were to travel to Fourney, Texas, outside Dallas, to purchase one pound of marijuana from the defendants as a show of good faith. The January 9th transaction was perfected on schedule.
Later, on January 20, 1981, having worked out details of another transaction with the officers by telephone, Fergus and Bradshaw travelled in two vehicles from Fourney, Texas to West Monroe, Louisiana, to conclude the first of two scheduled deliveries. The terms of the agreement had called for two separate shipments, each for fifty pounds of marijuana, at the rate of $14,750.00 per shipment. The second shipment was agreed to follow the first by less than twenty-four hours.
Fergus and Bradshaw arrived in West Monroe at approximately 1:30 a.m. on January 21st. As pre-arranged, Bradshaw *596 checked in at a Roadway Inn Motel, while Fergus drove around the vicinity in the marijuana-laden automobile awaiting Bradshaw's C.B. radio communications. Finally, Bradshaw met Officer Pat Stewart in Room 145 and the money changed hands. Stewart turned over the agreed-upon $14,750.00; Bradshaw in turn called Fergus on the C.B. and instructed him to deliver the fifty pound shipment. When Fergus arrived minutes later, he backed the car up to the motel room, opened the trunk and showed Officer Stewart a number of large garbage bags which contained the contraband. Stewart verified that it was marijuana, then gave the signal to other policemen to converge. The defendants were then arrested for distribution of marijuana.

ASSIGNMENT OF ERROR NO. 1 & NO. 2
By these assignments, defendants urge that in sentencing them, the trial judge failed to comply with the requirements of Louisiana Code of Criminal Procedure, Art. 894.1 and that as a result, their sentences are excessive. We shall treat these assignments together.
Art. 894.1 of the Code of Criminal Procedure establishes sentencing guidelines which the trial courts of this state are required to follow. Paragraphs "A" and "B" of that statute define the aggravating and mitigating factors which shape the trial court's great sentencing discretion. Paragraph "C" of the statute provides that the court shall state for the record the consideration taken into account and the factual basis therefor in imposing sentence.
Appellants argue that the trial judge failed to adequately consider several mitigating factors as to each defendant, and failed to state for the record the factual basis for the imposition of these sentences. Ultimately, it is urged that the chief error of the sentencing procedure was the trial court's failure to particularize each defendant's sentence. Appellants point to the fact that each defendant received the same sentence although there were great differences in their backgrounds, criminal histories, and their degrees of participation in the offense now under our consideration.
The record reveals that the trial court signed into the record a full and detailed statement of the facts of this case. The trial court also submitted to the record a printed form entitled, "Statement of Considerations as to Sentence of Imprisonment". That form contains a listing of each of the mitigating factors found in Paragraph "B" of Art. 894.1. There is also a space provided where the trial judge indicates his opinion as to the presence or absence of the mitigating factors. Beneath the listing of those factors are the trial court's particular comments regarding mitigating circumstances.
As to the defendant Thomas Fergus, the trial court noted on the form its conclusion that there existed no mitigating factors. In a footnote, the trial judge noted that although Fergus had no prior criminal convictions, there was certainly prior criminal conduct: "About two weeks prior to the instant offense, defendant and his co-defendant sold a pound of marijuana to a narcotics officer in Fourney, Texas, and on at least one previous occasion they had purchased a pound of marijuana which they shared with their friends." The court also specifically noted that Fergus and Bradshaw had agreed to a future sale of a similar (approximately fifty pounds) quantity of marijuana, and that a lesser sentence would deprecate the seriousness of the offense, particularly considering that Fergus' only motive was quick profit. The record reveals that while it was Bradshaw who had a dealer's expertise, it was Fergus' avarice which fueled the venture, though it caused great personal friction with Bradshaw, whose resistance to the operation met Fergus' constant pressure to carry through with the deal.
We now turn to the trial court's procedure in sentencing the defendant Bradshaw. The record contains a form identical to that submitted for Fergus, as discussed above. The trial judge found none of the mitigating factors of Art. 894.1(B) to be applicable, and as in the case of Thomas Fergus, noted the sale of a pound of marijuana *597 two weeks prior to the instant offense and, before that, the purchase of a pound of marijuana which was shared with the couple's friends. The court stated that a lesser sentence would deprecate the seriousness of the offense, which itself was only half of the operationthe second shipment having been totally finalized except for delivery. The court noted that defendant Bradshaw, unlike Fergus, had two prior convictions, one for possession of narcotics.
We think the trial court's sentencing procedure as to each defendant adequately followed the guidelines of Art. 894.1. Although appellants object to the trial court's use of a printed form (described above), we fail to see the basis for such an objection and regard it, together with the trial court's comments thereon, as evidence that the sentencing judge considered each and every mitigating factor in paragraph "B" of Art. 894.1. The court's conclusion that imprisonment was required as to each defendant was grounded upon a statement that a lesser sentence would deprecate the seriousness of the offense, this statement in turn supported by reference to the rather large size of the operation and its very noxious effect upon the community in the event that it were carried through. Moreover, the trial court noted that considerable leniency had already been extended to each defendant through plea bargaining which allowed them to plead guilty to attempted distribution.
The record adequately states the court's sentencing considerations, as well as the factual bases therefor. This court has said that Article 894.1 does not require the trial judge to set forth for the record all the factors listed in said statute which were accorded weight by him in determining to impose a sentence of imprisonment rather than grant suspension of sentence or probation. State v. Jacobs, 383 So.2d 342 (La. 1980). From this, it follows that the requirements of Art. 894.1 are met if, on a printed form, the trial court sets forth the lack of all mitigating factors, and as to at least some of those factors, articulates his reasons.
We now consider whether the sentences in this case are excessive. A sentencing judge is accorded great discretion, and absent a finding by this court that the punishment is grossly out of proportion to the offense, or a purposeless imposition of pain and suffering, we will not disturb the trial court's decision. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980); Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).
As already noted, the defendants had already been allowed a considerable degree of leniency by virtue of their plea bargain which reduced the charges. Ms. Bradshaw is now a third felony offender whose expertise in narcotics traffic was indispensible to the perfection of the deal by which it was agreed to ship 100 pounds of marijuana for a total price of almost $30,000.00. Thomas Fergus, though lacking Bradshaw's expertise, was no less involved in the crime than she. In a sense, his culpability is even greater, due to the relentless pressure he exerted upon Bradshaw to carry through with the operation.
Given that the facts of this case would have allowed the State to have charged these defendants more heavily than they were, and given that the defendants received even further leniency by the plea bargain, we do not regard either defendant's sentence as excessive.

ASSIGNMENT OF ERROR NO. 3
By this assignment of error, defendants contend that the trial court erred in relying on prejudicially false information contained in the pre-sentence investigation report.
The claimed falsehoods are, first, that it was Bradshaw, and not the informant, who had been the one to initiate negotiations as to the drug deal, and second, that Bradshaw was known in drug circles in the Dallas area.
Prior to sentencing, appellants filed a motion to traverse the pre-sentence investigation report, and an evidentiary hearing was subsequently held, as required by State v. *598 Bosworth, 360 So.2d 173 (La.1978) and State v. Lockwood, 399 So.2d 190 (La.1981).
At the hearing, all of the witnesses testified that they had known the defendants for at least a year and had socialized with them frequently. They stated that at no time did they know defendant Bradshaw to be a member of any drug circle. We hesitate to accord much weight to these statements: these witnesses could not have testified as to whether Bradshaw was known in drug circles unless they themselves were in drug circles. But notwithstanding that observation, and assuming that Bradshaw was indeed a foreigner to drug cliques, the sentence meted out to Bradshaw is supportable by the facts of record and is not excessive.
For the reasons assigned, the judgment of the trial court fixing sentence as to each defendant is affirmed.
AFFIRMED.
MARCUS, J., concurs.
WATSON, J., concurs but has doubts as to the sentence given defendant Fergus.
NOTES
[*] Judge Gaudin of the 5th Circuit Court of Appeal and Judges Ciaccio and Augustine of the Court of Appeal, Fourth Circuit, participated in this opinion as associate justices ad hoc, joined by Chief Justice Dixon, and Associate Justices Marcus, Blanche and Watson.