STOKER, Judge.
Defendant, Glen H. Francois, pleaded guilty to a charge of simple burglary in violation of LSA-R.S. 14:62. This plea resulted from a plea-bargain agreement under which the State agreed not to prosecute him as an habitual offender under LSA-R.S. 15:529.1. After a pre-sentence hearing, the trial judge sentenced him to eighteen (18) months at hard labor, with eligibility for parole in six months. Defendant was not eligible for a suspended sentence or for probation, having had prior felony convictions. LSA-C.Cr.P. art. 893.
Defendant’s sole assignment of error is that the sentence was excessive in violation of LSA-Const. art. 1, Sec. 20, and the trial judge failed to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1. For the reasons assigned below, we affirm.
The penal provision of LSA-R.S. 14:62 provides:
“Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.”
The sentence imposed is clearly within statutory limits. However, beginning with State v. Sepulvado, 367 So.2d 762 (La.1979), the Louisiana Supreme Court has held that a sentence imposed within statutory limits may nevertheless be reviewed for excessiveness, and that LSA-C.Cr.P. art. 894.1 provides appropriate statutory criteria by which to measure whether such a sentence is excessive, either by reason of its length or because it specifies confinement rather than a less onerous sentencing alternative.
Under LSA-C.Cr.P. art. 894.1 the trial judge must state the considerations taken into account and the factual basis therefor in imposing sentence. While the trial judge need not articulate every aggravating and mitigating circumstance, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. The judge should indicate that he has considered not *1319 only the factors militating for incarceration, but also any mitigating factors. State v. Duncan, 420 So.2d 1105 (La.1982).
A sentence may be vacated and a case remanded for resentencing when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. Otherwise, a sentence should not be set aside as excessive in the absence of a clear abuse of the wide discretion accorded a trial judge in the imposition of sentences within statutory limits. State v. Jones, 381 So.2d 416 (La.1980).
In his reasons for sentencing, the trial judge found the only aggravating factor to be that a lesser sentence would deprecate the seriousness of the crime. However, in discussing this aggravating factor earlier in his reasons, the judge stated this particular factor is used only in very limited situations and that he did not consider burglary to be one of them. The two mitigating factors the trial judge discussed were that the defendant’s wife and child would suffer if he went to jail, and that the complaining witness recommended that the defendant not be prosecuted for the crime.
During the pre-sentence hearing defendant testified that if sentenced to the parish prison, his employer would allow him to work during the day and go to jail at night on a work-release program. In his reasons for sentencing, the trial judge stated that the only reason he sentenced defendant to hard labor was because of lack of space in the parish prison. In view of defendant’s testimony this is not an adequate reason for choosing the alternative of hard labor. Additionally, a trial judge is not allowed to let his experience with others cloud his judgment with the defendant. State v. Tilley, 400 So.2d 1363 (La.1981). In this case, the trial judge mentioned his negative experience with the other individual involved in the burglary and seems to give this weight in sentencing the defendant.
In complying with C.Cr.P. art. 894.1 the trial court appears to have improperly considered certain factors and there may be factors which he did not consider which he should have mentioned. Nevertheless, we do not deem a remand to be called for in this case. The record contains sufficient factual basis to convince us that there was no clear abuse of the trial judge’s wide discretion. Under the circumstances, and applying the rule of State v. Jones, supra, we do not find the sentence imposed to be excessive. The sentence imposed is at the lower range of a possible twelve-iyear sentence. Additionally, defendant has two pri- or convictions for burglary and is ’therefore not eligible for suspension of sentence or for probation.
For the reasons assigned, the sentence is affirmed.
AFFIRMED.