KING, Judge.
The sole issue presented by this appeal is whether or not the sentence imposed on the defendant is excessive.
The defendant, William Kinkade, was charged with two counts of first degree *443 murder (LSA-R.S. 14:30) and one count of aggravated burglary (LSA-R.S. 14:60). Pursuant to a plea bargain the State dismissed both counts of first degree murder and amended the aggravated burglary charge to attempted aggravated burglary (LSA-R.S. 14:27). Defendant then pled guilty to attempted aggravated burglary and was given the maximum sentence of fifteen years at hard labor. Since defendant was using a firearm at the time of the crime, he was also sentenced to an additional mandatory two year term to be served consecutively and without benefit of parole, probation, suspension of sentence, or credit for good time pursuant to LSA-R.S. 14:95.-2. The defendant appeals urging one assignment of error, that the trial court imposed an excessive sentence. We affirm.
FACTS
William 0. Kinkade, (hereinafter defendant) then 26 years old, and Aaron Hauser, (hereinafter Hauser) then 17 years old, made plans to drive into Louisiana from Kerrville, Texas to steal money from the house of George Hauser, who was Aaron Hauser’s father. The crime was Hauser’s idea; however, defendant actively participated in the planning and commission of the crime in exchange for approximately $2,500.00. Before leaving Kerrville, defendant and Hauser purchased rubber gloves, a mini-14 automatic rifle, a .25 caliber pistol and a .357 caliber revolver to use during the planned burglary. All three weapons were placed in defendant’s name. Hauser also prepared a diagram of the house for defendant’s use during the burglary. When it came time to make the trip, defendant agreed to and drove half the way to Beauregard Parish, Louisiana. Defendant and Hauser arrived in Beauregard Parish in the early morning hours of Monday, July 4, 1983. The two men waited in the woods surrounding the Hauser home until daylight. Sometime after sunrise, both Hauser and defendant saw Hauser’s father, George Hauser, leave the house, return shortly, and then leave again. Defendant claims that before they left Kerr-ville, Texas Hauser assured him that no one would be home when they would arrive because the family always left town for the Fourth of July weekend. However, once they saw George Hauser at the house they realized that the rest of the family might still be inside the house. Despite this, Hau-ser decided to enter the house. Moments later, defendant heard a woman’s voice and then he heard the five shots that killed Hauser’s stepmother, Mrs. Hauser, and Hauser’s stepbrother, John Leidig. Defendant then ran for almost two miles through the woods until he came to a neighboring house from which he called the Sheriff’s Office and reported the incident.
Originally defendant told the police that Hauser had lied and told him that they were going to the house to retrieve some of Hauser’s belongings. Eventually, however, the truth became known. As a result Hauser admitted firing the shots that killed Mrs. Hauser and her son, John Leidig. Hauser pled guilty to both counts of first degree murder and received life sentences without benefit of parole, probation or suspension.
Defendant agreed to a plea bargain whereby he pled guilty to only the charge of attempted aggravated burglary. As noted above, he was sentenced for this crime to 15 years at hard labor and an additional mandatory 2 year term to be served consecutively without benefit of parole, probation, suspension, or credit for good time.
Our court has recently set out the proper standard of review for determining whether a sentence is excessive by stating:
“The trial judge is afforded wide discretion in imposing sentences within statutory limits, and the sentence imposed should not be set aside absent a manifest abuse of discretion. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Fergus, 418 So.2d 594 (La.1982). However, a sentence which falls within the statutory limits may be constitutionally excessive when considered in light of the particular defendant and the circumstances of the particular crime. State v. Forshee, 395 *444 So.2d 742 (La.1981); State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive when the penalty is so grossly disproportionate to the severity of the crime that it shocks the court’s sense of justice, or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).” State v. Ourso, 438 So.2d 1239, 1244 (La.App. 3rd Cir.1983), writ denied 442 So.2d 460 (La.1983).
The sentence imposed by the trial court is the maximum penalty provided by law. The record indicates that as a result of the plea bargain the charge was reduced from two counts of first degree murder and one count of aggravated burglary to only attempted aggravated burglary. The record also indicates that the trial judge painstakingly considered the factors enumerated in LSA-C.Cr.P. Art. 894.1 before making his decision to impose the maximum sentence. As the trial judge noted, it was clear that defendant actively participated in the planning and commission of the burglary which ultimately led to the brutal shooting of two innocent people in cold blood. The trial judge noted that this was one of the most notorious crimes committed in Beauregard Parish, Louisiana in recent years. The trial judge also noted that although defendant did not have a long history of criminal convictions, he was twice convicted in Texas for “theft by check” and had a very unstable employment record.
Defendant argues that the trial court did not give adequate consideration to the mitigating factors that are supported by the record. He contends that the maximum sentence should not have been given because he was coerced into participating in the crime and immediately reported the shooting to the police. However, the trial judge’s explanation of his sentence shows that he gave adequate consideration to these factors before sentencing defendant to the maximum sentence.
The evidence indicates that the crime was planned in advance and the 26 year old defendant had adequate opportunity to disassociate himself from the plan, yet he chose to actively help 17 year old Hauser burglarize his father’s house in exchange for approximately $2,500.00.
Furthermore, the trial judge noted that defendant’s conduct in reporting the shooting was not entirely exemplary. He did nothing to see if anyone was hurt or if he could help. Upon hearing the gun shots, defendant left the scene of the crime and ran through the woods for two miles and disposed of his gun. He then reported the shooting to the police; however, he lied concerning his involvement in an effort to shift all criminal liability on his partner, Aaron Hauser. The trial judge was of the opinion that defendant had received adequate consideration for reporting the crime in that the original charge was reduced to “attempted aggravated burglary” when the evidence showed he was guilty of two counts of second degree murder. In light of the totality of the circumstances of the crime, we do not find the sentence so grossly disproportionate to the severity of the crime that it shocks our sense of justice or that the sentence is nothing more than the purposeless and needless imposition of pain and suffering. For these reasons we affirm the sentence imposed on the defendant for the crime to which he pled guilty.
AFFIRMED.