472 So.2d 349 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Joseph "Pie" GUIDRY, Defendant-Appellant.
No. CR 85-27.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*350 Larry C. Dupuis, Crowley, for defendant-appellant.
Glenn Foreman, Asst. Dist. Atty., Crowley, for plaintiff-appellee.
Before FORET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Defendant-appellant Joseph "Pie" Guidry appeals his sentence of ten years imprisonment at hard labor for the crime of aggravated battery. We vacate the sentence and remand for resentencing. The trial judge did not comply with Louisiana Code of Criminal Procedure article 894.1(C) by adequately stating his reasons for imposing the sentence and the factual basis therefor.
Defendant pled guilty in the court below. Defendant appeals only his sentence. Defendant contends that the trial judge failed to particularize the sentence in accordance with Louisiana Code of Criminal Procedure article 894.1, and also that the sentence imposed is excessive under article I, section *351 20 of the Louisiana Constitution as interpreted in State v. Sepulvado, 367 So.2d 762 (La.1979).
Our decision today is posited upon the trial judge's failure to follow the mandate of article 894.1(C). Because of our disposition of this case, we do not consider defendant's claim that his sentence is unconstitutionally excessive.
Louisiana Code of Criminal Procedure article 894.1 provides:
"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
In addition to guiding the trial judge as to whether imprisonment is warranted instead of probation or a suspended sentence, the provisions of article 894.1(A) & (B) must also be considered by the trial judge in setting the length and other conditions of incarceration when actual imprisonment is imposed. The criteria in the article are used to analyze the pertinent factual aspects of the offense and the offender so that the sentence will be particularized for the defendant. See State v. Murdock, 416 So.2d 103, 105 (La.1982); State v. Sepulvado, 367 So.2d 762, 769-72 (La.1979); State v. Fontenot, 438 So.2d 1301, 1302 (La.App. 3d Cir.1983). The final subsection of article 894.1 requires the trial judge to state for the record the considerations under article 894.1 that have been used in formulating the defendant's sentence, "and the factual basis therefor...." La.Code Crim.Proc. art. 894.1(C) (emphasis added). This mandatory articulation and recordation of the reasons for the imposition of a particular sentence is an important aid in our appellate review of sentences; it provides an objective indication as to whether the trial judge actually applied the relevant criteria of article 894.1(A) & (B) to the facts and background of *352 the offense and the offender. Compliance with article 894.1(C) by the trial judge also "afford[s] a reviewing court some insight into the reasoning process of the trial judge, so that the propriety of the sentence can be better evaluated." State v. Price, 403 So.2d 660, 664 (La.1981). See also State v. Brown, 440 So.2d 994, 997 (La. App. 3d Cir.1983), writ denied, 444 So.2d 120 (La.1984).
If the sentence imposed is not apparently severe and is in the lower range of the sentencing scale for the pertinent crime, we will not vacate the sentence and remand to the trial court for resentencing even though the trial judge failed to articulate reasons for the sentence in accord with article 894.1(C). State v. Jones, 412 So.2d 1051, 1056 (La.1982); State v. Rainwater, 448 So.2d 1387, 1389 (La.App. 3d Cir.1984). However, in this case, the sentence imposed is clearly in the upper range of the allowable sentencing scale; it is the maximum prison sentence permitted by law for the pertinent crime. See La.Rev.Stat. 14:34. Maximum sentences are reserved for cases involving the most egregious violations of the charged offense by "the worst kind of offender." State v. Quebedeaux, 424 So.2d 1009, 1014 (La.1982), appeal after remand, 446 So.2d 1210 (La. 1984). Thus, without articulated reasons by the trial judge that illuminate his apparent determination that defendant committed a particularly serious violation of the relevant statute, and that defendant is "the worst kind of offender," we will vacate this high and apparently severe sentence and remand for resentencing in accord with article 894.1. See 424 So.2d at 1014-15. We now examine the record in this case to determine whether the trial judge properly "state[d] for the record the considerations taken into account and the factual basis therefor in imposing sentence." La.Code Crim.Proc. art. 894.1(C).
At the sentencing hearing, defendant testified that he had pled guilty to the charge of aggravated battery, which arose from an incident in which defendant stabbed a man during an altercation in a nightclub. Defendant testified that he had previously been imprisoned in Texas from 1974 to early 1979 for either manslaughter or murder (the record does not reveal the actual designation of this prior offense). Defendant stated that he was currently under treatment at the Acadiana Mental Health Clinic in Crowley. Defendant testified that medication and treatment from the doctors at the clinic alleviated his "hallucinations," which had been occurring at the time he committed the battery. Defendant has been married since 1980, and he and his wife have produced three children, although his wife apparently had nine children prior to the marriage. Defendant expressed remorse about the crime, and stated that he had apologized to the victim.
Defendant's wife testified that defendant helps with the children and the household chores, and that she and the children would suffer from his imprisonment. She stated that his prior substance abuse problem had ended, and that he was "a whole lot" better since he had been under treatment at the mental health center.
Dr. Perkins, a consulting physician at Acadiana Mental Health Clinic, stated that he had been treating defendant for approximately eighteen months. Under questioning by defense counsel, Dr. Perkins testified as follows:
"Q What kind of problems does Mr. Guidry [defendant] have?
A He suffers from chronic depression and psychosis and he has a substance abuse diagnosis which is currently in remission.
Q Because of his treatment?
A Yes.
Q Doctor, is Mr. Guidry better off now than he was a year ago?
A Definitely.
Q Or even eighteen months ago?
A Yes, sir.
Q Would it be fair to say that he is a different man?
A Practically, yes, sir.

*353 Q What may have happened eighteen months ago, the stabbing, is it possible that Mr. Guidry's problems that he was having contributed to that?
A In regard to his substance abuse, definitely, and his psychosis as well; yes, sir.
Q Is it fair to say that at the particular time you consider him to be violent, dangerous in the condition that he is today?
A No, sir.
....
Q Is it fair to say that continuance with his treatment and proper supervision, he could become a viable citizen of the community?
A I believe so.
Q And that if he continued the treatment and the rehabilitation, chances are he would not be the violent person that he may have been eighteen months ago?
A Yes, sir.
Q Has he made great strides in his recovery?
A Yes, sir, he has.
Q Doctor, should Mr. Guidry be incarcerated at the particular time with you knowing his mental condition, would he benefit more from psychiatric incarceration or penal incarceration?
A Given his chronic, his mental condition, I feel like some sort of mental incarceration would be appropriateCentral or Louisiana State Hospital, Jackson, Louisiana Forensic Facility.
Q Has he made an honest effort in going to you with his condition?
A Yes, he has.
Q And has he in fact made a great recovery since eighteen months when he started?
A Yes, sir. His condition of eighteen months ago, his condition of psychosis, was pretty severe. And over the past six months to a year, it's gotten down to where it's a mild, mild case.
Q Doctor, if Mr. Guidry were released back into the community [in] a year or two years, [with] continued treatment and constant surveillance by your department, would you feel that he would be a good citizen with those conditions?
A I feel he would do well."
Upon cross-examination by counsel for the state, Doctor Perkins testified as follows:
"Q Dr. Perkins, it's your opinion that Mr. Guidry's conditions which you described contributed in part at least to the stabbing incident with which he has entered a plea of guilty?
A Yes, sir, undoubtedly.
Q It's also your testimony, as I understand it, that he still is affected by these conditions which you have described? It's only a matter of degree; is that correct?
A Not in regards to the substance abuse. He no longer abuses the substances.
Q The psychosis which you have described is something for which he is still suffering?
A Yes, sir.
Q If he were to remain in society, is there a possibility that this psychosis could again contribute to a violent incident such as the one which previously occurred?
A If he did not maintain his treatment.
Q If for some reason Mr. Guidry were to engage in some substance abuse again, would this have harmful effect on his progress insofar as his psychotic behavior is concerned?
A Yes, sir."
Doris Thibodeaux was a Deputy Sheriff in Acadia Parish from the time defendant returned to that Parish from Texas until defendant was arrested in connection with this case. Mr. Thibodeaux testified that defendant had presented no prior problems *354 for law enforcement officers in the area. Mr. Thibodeaux added that defendant had assisted the Sheriff's office in several major investigations.
Upon this background, the trial judge entered his reasons for judgment in this case. He used a pre-printed, "fill-in-the-blanks" form that is reproduced below:
STATE OF LOUISIANA / DOCKET NO. 36,376 
VS. / 15TH JUDICIAL DISTRICT COURT.
JOSEPH "PIE" GUIDRY / ACADIA PARISH, LOUISIANA
 SENTENCING REASONS
JOSEPH "PIE" GUIDRY , you have pleaded guilty to 
 the offense(s) of aggravated battery .
In accordance with said plea(s) , the Court makes
the following findings.
I have considered very carefully the (pre-sentence investigation
in this case), the facts admitted and the person, demeanor,
record and history of the accused.
In determining the sentence to be imposed, I have considered
the following factors:
I. FACTORS INDICATING APPROPRIATENESS OF IMPRISONMENT PRESENT PRESENOT
 1) There is an undue risk that during the period of
 a suspended sentence or probation the defendant
 will commit another crime;
 x ___
 2) The defendant is in need of correctional treatment
 or a custodial environment that can be
 provided most effectively by his commitment to
 an institution
 x ___
 3) A lesser sentence will deprecate the seriousness
 of the defendant's crime;
 x ___
II. FACTORS TO BE CONSIDERED IN RE: SUSPENSION OF PROBATION 
 1) The defendant's criminal conduct neither caused
 nor threatened serious harm;
 ____ x
 2) The defendant did not contemplate that his criminal
 conduct would cause or threaten serious harm;
 ____ x
 3) The defendant acted under strong provocation;
 ____ x
 4) There was substantial grounds tending to excuse
 or justify the defendant's criminal conduct,
 though failing to establish a defense;
 ____ x
 5) The victim of the defendant's criminal conduct
 induced or facilitated its commission ____ x
 6) The defendant has compensated or will compensate
 the victim of his criminal conduct for the damage
 or injury that he sustained;
 ____ x
*355
 7) The defendant has no history of prior delinquency
 or criminal activity or has led a law-abiding
 life for a substantial period of time
 before the commission of the instant crime;
 x
 8) The defendant's criminal conduct was the
 result of circumstances unlikely to recur;
 x
 9) The character and actitudes of the defendant
 indicate that he is unlikely to commit another
 crime;
 x
 10) The defendant is particularly likely to
 respond affirmatively to probationary
 treatment;
 x
 11) The imprisonment of the defendant would entail
 excessive hardship to himself or his dependents
 x
OTHER CONSIDERATIONS: After reviewing the record, the Court finds defendant
to have a past history of physical crimes against the person, including a
murder conviction and carrying a concealed weapon. Also the factual
situation of this case, where the victim was stabbed in the back, illustrates
the violent and dangerous propensities of the defendant.
THUS RENDERED, READ AND SIGNED in Open Court in 
Louisiana, this 5th day of , 1984.
 
 -SENTENCE-
I sentence you to serve a term of ten (10) years imprisonment
at hard labor, in the custody of the Louisiana Department of
Corrections, said sentence to begin as provided by law.
Sentence imposed this 5th day of November , 1984, at
 Crowley , Acadia Parish, Louisiana.
 
*356 After reviewing the above "Sentencing Reasons," this court must conclude that the trial judge failed to "state for the record the considerations taken into account and the factual basis therefor in imposing sentence," in compliance with the Code of Criminal Procedure. La.Code Crim.Proc. art. 894.1(C) (emphasis added). It is settled law that a mere recitation of the considerations under article 894.1(A) & (B) does not satisfy the articulation and recordation requirement of article 894.1(C). E.g., State v. Williams, 396 So.2d 296 & n. 1 (La.1981), appeal after remand, 412 So.2d 1327 (La.1982). Rather, the trial judge must relate the facts and background of the offense and the offender that have been presented to the court to the relevant considerations under the article, and explain from this factual basis why and how relevant provisions of article 894.1 weigh in his or her sentencing decision. See 396 So.2d at 296; State v. Franks, 373 So.2d 1307, 1308 (La.1979), cert. denied, 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981).
Such a rational weighing of the facts in light of the considerations of article 894.1 is not evidenced by a mere reproduction of the substance of the article, with check-marks in "present" and "not present" boxes beside each enumerated consideration. We recognize that the trial judge did articulate several reasons for the sentence based on the discrete facts of this case under the heading "Other Considerations" on his xeroxed sentencing form. These articulated reasons support his finding of the presence of considerations under article 894.1(A) that militate for imprisonment. However, his consistent checking of the "not present" boxes beside the mitigating considerations of article 894.1(B) is unsupported by any articulation of the "factual basis therefor." Given that much evidence was presented at the sentencing hearing that mitigates against extended imprisonment, this absence of an explained consideration of the factors under article 894.1(B) constitutes error. When the trial judge particularizes the sentence under article 894.1, he or she must account for the mitigating factors ostensibly present, as well as the factors that militate in favor of extended imprisonment. State v. Duncan, 420 So.2d 1105, 1110 (La.1982); State v. Francois, 438 So.2d 1317, 1318-19 (La.App. 3d Cir.1983).
There is simply no articulated, factual discussion by the trial judge that explains away the arguable presence of mitigating factors under article 894.1(B) in this case. We do not accept the State's argument that we should infer, from the trial judge's check-marks on his form, that he either rejected the credibility of witnesses at the sentencing hearing, questioned the validity of the substance of mitigating testimony, or simply found, on balance, that the aggravating factors far out-weighed the mitigating factors. Nor will we accept defendant's argument that the trial judge patently ignored credible, valid, and weighty evidence mitigating against his sentence of ten years. We will not engage in such speculation. Our Louisiana legislature has mandated that the trial judge explain his or her reasons for judgment; this pretermits any attempt by this court to supply the absent reasoning, or to guess as to the trial judge's supposed credibility and weight determinations (if, indeed, any such determinations were made). We only note that there is no basis from which we can discern why or how the trial judge concluded that the factors under article 894.1(B) were "not present." This absence of articulated reasons is in contravention of article 894.1(C) and, for that reason alone, we vacate the sentence and remand for resentencing.
Finally, we recognize that in State v. Fergus, 418 So.2d 594 (La.1982), cert. denied, 459 U.S. 1106, 103 S.Ct. 730, 74 L.Ed.2d 954 (1983), the Louisiana Supreme Court held that the use of a preprinted form for sentencing reasons is not, in itself, an avoidance of the trial judge's duty under article 894.1(C). 418 So.2d at 597. However, the Fergus court added an important caveat: sufficient articulated reasons, grounded on the factual aspects of the *357 offense and the offender, must be given to support the conclusions noted on the form. Id. at 597. Thus, while the use of a sentencing form is not per se objectionable, nonetheless the use of the form does not remove the trial judge's obligation under article 894.1(C) to "state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
Defendant's apparently severe sentence was not imposed in compliance with article 894.1(C). For the above reasons, we vacate defendant's sentence and remand to the trial court for resentencing.
SENTENCE VACATED, REMANDED FOR RESENTENCING.
YELVERTON, J., dissents and assigns reasons.
YELVERTON, Judge, dissenting.
The sentencing judge complied with the guidelines and the sentence is not constitutionally excessive.
The judge at sentencing said that defendant stabbed his victim in the back, and that defendant's criminal history included a murder conviction and carrying a concealed weapon.
The trial court also conducted a sentencing hearing at which defendant, the defendant's wife, his doctor from the mental health clinic, and a retired deputy sheriff, testified. The transcript of this hearing is in the record.
At the sentencing hearing defendant admitted spending four or five years in the Texas penitentiary (between 1974 and 1979) for killing a man in Texas (either murder or manslaughter, it is not clear). He was 39 years old and got married in 1980 to a woman with nine children and they had three of their own after that. He had a drug problem and some kind of psychosis. His physician testified at the hearing that the medication defendant was taking kept him under control, but that if he did not take his medication he could get out of control and be dangerous. Defendant said he was sorry for what he did and that he had apologized to the victim, and his wife said he was a good husband and helped around the house.
These were the aggravating and mitigating factors. The trial judge indicated that he took the mitigating factors into consideration. I believe he did. The fact that he imposed 10 years indicates, just as he said, that he emphasized the past history of physical crimes against a person, including a killing, that lay in defendant's record. I do not know what else the trial judge needed to say. The record is before us, replete with information; it contains everything the defendant wanted the sentencing judge to know; it fully illumines the sentencing choice. Giving the defendant the full benefit of all of the mitigating factors that he presented, his criminal record of homicide alone furnished a sound factual basis for the maximum sentence of 10 years.
Defendant had been out of the penitentiary for only three years when he committed the present crime. He was charged with second degree murder, which carries up to 50 years imprisonment at hard labor, and by plea bargain got that reduced to aggravated battery, with a maximum of 10 years. I cannot say 10 years was constitutionally excessive on these facts.