FORET, Judge.
Defendant, John W. Meyers, Jr., was charged with distribution of a controlled dangerous substance, marijuana, a violation of LSA-R.S. 40:966 A(l), B(2). Defendant waived trial by jury and was found guilty as charged.
The defendant was given a five-year suspended sentence, five years probation, and the conditions of that probation were that he pay a $1000 fine plus court costs and serve two years in the parish prison. Defendant has appealed his sentence, urging excessiveness and failure to follow the sentencing guidelines.
LSA-C.Cr.P. Art. 894.1 mandates articulation and recordation of reasons for the imposition of a particular sentence so that the record reflects that the sentence has been particularized for the offender. State v. Collatt, 477 So.2d 177 (La.App. 3 Cir.1985); State v. Guidry, 472 So.2d 349 (La.App. 3 Cir.1985); State v. Jones, 478 So.2d 764 (La.App. 3 Cir.1985). The record in the case at bar is devoid of any consideration by the trial judge of the sentencing guidelines in Art. 894.1. Consequently, we have no way of divining whether or not defendant’s sentence is excessive. A trial court’s compliance with sentencing guidelines is an essential aid to an appellate court’s review of excessiveness claims. State v. Jones, supra; State v. Brown, 440 So.2d 994 (La.App. 3 Cir.1983), writ denied, 444 So.2d 120 (La.1984); State v. Williams, 446 So.2d 565 (La.App. 3 Cir.1984).
Because the trial court failed to follow the sentencing guidelines, we cannot decide whether defendant’s sentence is or is not excessive. For these reasons, we vacate defendant’s sentence and remand to the trial court for resentencing in accordance with the guidelines set forth in C.Cr.P. Art. 894.1.
*1090 DECREE
For the , reasons assigned, defendant’s conviction is affirmed, his sentence vacated, and the Case remanded to the trial court for resentencing.
SENTENCE VACATED AND REMANDED FOR RESENTENCING.