LABORDE, Judge.
Defendant, Joseph “Pie” Guidry, pleaded guilty to the crime of aggravated battery and was sentenced to ten (10) years imprisonment at hard labor pursuant to LSA-R.S. 14:34. The defendant appealed his sentence. We vacated the sentence and remanded for resentencing in compliance with La.C.Cr.P. art. 894.1(C). See State v. Guidry, 472 So.2d 349 (La.App. 3d Cir.), writ denied, 476 So.2d 348 (La.1985). In resentencing the defendant, the trial judge again imposed a period of imprisonment of ten (10) years at hard labor. After reviewing the trial court’s reasons for sentencing, we are satisfied that the court considered all pertinent aggravating and mitigating circumstances. We now review the sentence imposed to insure that it is not excessive.
ASSIGNMENT OF ERROR
The defendant maintains that the trial judge erred in sentencing the defendant to ten (10) years at hard labor in that said sentence is excessive and therefore in violation of both Article I, Section 20 of the Louisiana Constitution and the United States Constitution.
The crime of aggravated battery is punishable by a fine of not more than five thousand dollars, imprisonment with or without hard labor for not more than ten years, or both. LSA-R.S. 14:34. Therefore, the ten (10) year sentence, although the maximum period of imprisonment, is within the statutory limit for sentencing. However, even a sentence which falls within the statutory limits may violate a defendant’s right against excessive punish *825 ment. La. Const. Art. 1 sec. 20. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Brown, 412 So.2d 998 (La.1982). While a trial court is given wide discretion in the imposition of sentences within statutory limits, the trial court does not have unbridled discretion. State v. Tilley, 400 So.2d 1363 (La.1981).
The standard for determining whether a trial judge has abused his discretion is whether the sentence imposed is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). “To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.” State v. Bonanno, supra at 358; State v. Beavers, 382 So.2d 943 (La.1980).
The record shows that the defendant was originally charged with attempted second degree murder. LSA-R.S. 14:27 and 14:30.1. Through a plea bargain arrangement, he was allowed to plead guilty to the lesser offense of aggravated battery. The record also indicated that the defendant has a prior homicide conviction in Texas in 1974, as well as a prior conviction for carrying a concealed weapon. Further, as the trial judge stated, “[b]y April of 1981, defendant was arrested for seven (7) separate offenses and a parole preliminary hearing determined that there was probable cause to believe the offender had violated his parole.”
The record shows that defendant stabbed the victim in the back with a knife. The victim fell to the floor; the defendant then jumped on top of him. The victim, in order to free himself, grabbed the knife blade with his hand, causing lacerations to his fingers. The victim was hospitalized and treated. The stab wounds, characterized by defendant as mere “slash” wounds or “cuts,” were very close to critical areas. Defendant knew or should have known that his actions could have easily placed the victim in a life-threatening situation.
The defendant is receiving mental health treatment and is apparently improving. Defendant’s doctor testified that, without continued treatment, defendant’s psychosis could contribute to another violent episode like those of the past. Dr. Perkins further noted that defendant’s violent psychotic behavior may resurface if defendant returns to his habit of substance abuse. The trial court found that the best way to insure that defendant does not abuse chemical substances and takes the prescribed treatment for his psychosis is through a custodial penal environment where his conduct may be closely monitored. Defendant, his attorney, and the judge all agreed that defendant had been functioning well in a structured environment since his imprisonment.
Given the facts of this case, the sentence of ten (10) years imprisonment is not so disproportionate to the crime committed as to shock our sense of justice. For the above and foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.