FORET, Judge.
Defendant, Jeff B. Ellis, was charged by bill of information with the crime of indecent behavior with a juvenile, a violation of La.R.S. 14:81. Defendant plead not guilty at his arraignment on February 3, 1986. Pursuant to a plea bargain on March 7, 1986, defendant entered a guilty plea to the crime of contributing to the delinquency of a minor, a violation of La.R.S. 14:92A(7). Defendant was sentenced on May 28, 1986 to serve two years at hard labor with the Department of Corrections. On appeal, defendant contends that his sentence is excessive.
The defendant’s assignment of error is that the two-year sentence imposed is excessive under the conditions, terms, and guidelines set forth in La.C.Cr.P. art. 894.1 and under Art. 1, § 20 of the 1974 Louisiana Constitution. He argues that the imposition of the maximum sentence does not make a measurable contribution to the acceptable goals of imprisonment since this was his first felony conviction. Defendant claims that he was a candidate for probation and that to justify the maximum sentence, the record should affirmatively reflect that the sentencing guidelines dictated that he should be punished to the maximum. Defendant additionally argues that the court should not sentence him to the maximum penalty simply because he was originally charged with a more serious offense.
A punishment is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is no more than purposeless and needless imposition of pain and suffering or is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983). To determine whether a penalty is excessive, we must determine whether the penalty is grossly disproportionate to the severity of the crime as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). Additionally, in reviewing a claim of excessive sentencing, the trial judge is to be afforded wide dis *43 cretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The trial judge imposed a sentence of two years at hard labor upon defendant, who had confessed to molesting a sevén-year-old girl. The record adequately reflects that the trial judge took into consideration all of the factors enumerated in La.C.Cr.P. art. 894.1 in the imposition of sentence. The judge considered the fact that at a time when the defendant was twenty-four years of age, he entered a residence where a seven-year-old girl was asleep and fondled her body until she awoke. Defendant has no prior felony convictions; however, his only felony conviction comes while he is on probation for a serious misdemeanor. Defendant’s prior convictions consist of offenses of first and second DWI, discharging firearms, and hit- and-run driving. In 1978, he was charged with distribution of cocaine; the disposition of the charge is not contained in the record before us. In 1983, he was charged with burglary and theft, which charges were dismissed upon payment of court costs and fines. Another traffic offense is pending. A pre-sentence investigation report found that alcohol abuse had a direct impact on this case.
There is no question but that the defendant’s conduct caused harm to the victim in the form of recurring nightmares. The trial judge noted for the record that the extent and duration of harm to the child was impossible to assess. Additionally, defendant understood that his conduct would cause harm and, unless he was prevented from doing so by drunkenness, defendant very likely contemplated the threat of harm and the wrongfulness of his conduct. Fur-thfermore, there was no justification for his actions, nor was he provoked, nor was there any victim inducement or facilitation.
As previously mentioned, defendant has several serious misdemeanor convictions and has been previously arrested for two felonies. Defendant was on probation at the time of this offense. The trial judge found that the offense was not the result of circumstances which are unlikely to recur, noting that most of defendant’s problems appear to stem from his frequent and excessive drinking. Significantly, the trial judge found that the defendant had expressed no remorse or regret concerning the molestation incident.
That the defendant had no prior felony convictions is only one consideration to weigh in imposing sentence. A reviewing court should also consider whether a lesser sentence would deprecate the seriousness of the offense. La.C.Cr.P. art. 894.1 A(3). Although the court may suspend the sentence of a defendant’s first felony, it is not required to do so. La.C.Cr.P. art. 893.
None of the factors enumerated in La.C. Cr.P. art. 894.1 indicate that defendant is a candidate for a suspended sentence or probation. Considering the seriousness of the offense committed, the age of the victim, and the complete lack of mitigating circumstances, the imposition of the maximum penalty of two years at hard labor is hardly enough to shock one’s sense of justice, and does not constitute excessive punishment. Additionally, defendant’s prison exposure was reduced to one-fifth of what it could have been before the plea bargain arrangement. In State v. Coats, 449 So.2d 688 (La.App. 5 Cir.1984), the court stated that a plea bargain is a factor to consider in determining whether the sentence imposed is excessive.
Consequently, we believe that any sentence less than that which was imposed would tend to deprecate the seriousness of the crime. Defendant’s arguments lack merit, and the sentence imposed is affirmed.
AFFIRMED.