FORET, Judge.
Defendant, Darryl Dronet, pleaded guilty to six counts of distribution of a controlled dangerous substance classified in Schedule IV, to-wit: Diazpam, a violation of La.R.S. 40:969(A)1. Defendant pleaded guilty to three counts of distribution of a controlled dangerous substance classified in Schedule II, to-wit: Hydromorphine, a violation of La.R.S. 40:967(A)1. Defendant also pleaded guilty to one count of distribution of a controlled dangerous substance classified in Schedule V, to-wit: Codeine, a violation of La.R.S. 40:970(A)1.
Defendant v^as sentenced to serve ten years for each R.S. 40:967(A)1 and 40:969(A)1 violation, all sentences to run concurrently. Defendant was sentenced to serve five years on the R.S. 40:970(A)1 violation. This last sentence to also run concurrently with defendant’s other sentences. Defendant appeals, contending his sentences are excessive.
FACTS
Defendant was a pharmacist who owned his own business. On numerous occasions between July and October, 1985, defendant distributed large quantities of controlled dangerous substances to Officer Dale Folds. Defendant told Officer Folds that he had been in business ten to fifteen years and that he was not concerned about law enforcement because he had a connection on the Civil Service Board who had something to do with the hiring and firing of police officers.
Defendant contends that his sentences are excessive because he is a first felony offender, whose crime did not harm anyone. Defendant argues that his conduct was justified somewhat by the financial needs of his family and especially one of his children, who suffered with spina bifi-da. Finally, defendant argues that the trial court failed to adequately consider that his extensive incarceration will cause extreme hardship to his family.
Defendant further contends that because he is a first offender, and because his crimes occurred in the same course of conduct over a short period of time, consecutive sentences are not appropriate for him. Concurrent sentences being mandated in this case, defendant argues that his ten-year concurrent sentences are maximum sentences. Defendant argues that maxmi-mum sentences are reserved for the most egregious offenders, and he simply is not a member of this class. State v. Guidry, 472 So.2d 349 (La.App. 3 Cir.1985), writ denied, 476 So.2d 348 (La.1985), appeal after remand, 490 So.2d 824 (La.App. 3 Cir.1986).
La.C.Cr.P. art. 883 states that if a defendant is convicted of two or more offenses based on the same act or transaction, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all of the sentences be served consecutively.
There is nothing which forces the trial judge to impose concurrent sentences on a defendant convicted of multiple offenses, even if the offenses arise out of the same course of action.
In State v. Underwood, 365 So.2d 1339 (La.1978), defendant was sentenced to serve four, six, and ten-year consecutive sentences for three counts of distribution of marijuana. Underwood’s three drug sales took place within a two-month time period, to the same undercover police officer. The Louisiana Supreme Court noted that concurrent sentences are the normal rule in the case of a defendant without a previous record, absent a showing that public safety requires a longer sentence, but upheld Underwood’s consecutive sentences.
In this case, we do not think that concurrent sentences were mandatory. Defendant admitted that he was involved in illegal drug sales for ten to fifteen years, and this is not “the same transaction over a short period of time.” Secondly, defendant made numerous large sales to the undercover police officer over a three and one-half-month period, a longer period than occurred in Underwood where consecutive sentences were handed down. We conclude that defendant in this case did not receive a maximum total sentence.
*775 The sentencing guidelines enumerated in La.C.Cr.P. art. 894.1 provide the criteria within which to individualize a defendant’s sentence and the appropriate criteria to measure whether a sentence within statutory limits is nevertheless excessive. State v. Richard, 450 So.2d 57 (La.App. 3 Cir.1984).
In State v. Owens, 457 So.2d 128 (La.App. 2 Cir.1984), the appellate court ruled that although the trial court did not expressly relate, or check off, defendant’s circumstances to the particular factors listed in Art. 894.1, the mention of defendant’s circumstances was sufficient articulation.
In State v. Perry, 457 So.2d 1261 (La.App. 1 Cir.1984), the appellate court held that the trial court had sufficiently articulated reasons for the imposition of sentence where it had placed great weight on defendant’s prior convictions, and the seriousness of the crimes for which he was convicted.
At the sentencing hearing in State v. Bethly, 449 So.2d 37 (La.App. 1 Cir.1984), the trial court considered that, (1) the victim was not harmed but might as well have been; (2) the defendant was a first offender; and (3) imprisonment would be hard on defendant’s parents, but that defendant had no dependents. The higher court concluded that the trial court complied with Art. 894.1, adequately stating for the record its considerations and factual basis for its sentence.
In this case, the trial judge more than adequately considered both mitigating and aggravating factors. The trial judge considered as mitigating the fact that defendant had no prior record and the hardship incarceration would cause defendant’s family. The judge considered letters written in support of defendant and that defendant had admitted his guilt. He considered as aggravating that defendant sold large amounts of drugs; that this was done without justification and resulted in harm to others; and that by his own admission defendant had been dealing drugs and abusing his position of trust in the community for ten to fifteen years. The trial judge was aware, from the testimony of defendant’s mother, Willie Mae Dronet, that defendant had a stable work history and had been honorably discharged from the armed services. The trial judge adequately complied with the sentencing guidelines of Art. 894.1.
Defendant, who was earning between $60,000 and $80,000 per year, was selling large quantities of drugs, over a long period of time. His conduct caused harm to society and was unjustified. Defendant benefited from a plea bargain and was sentenced to ten years. Defendant’s sentence was not severe in view of the fact that consecutive sentences resulting in a much longer prison term were possible.
We can only give limited consideration to defendant’s argument that he is a first offender since, by his own admission, he has been selling drugs for ten to fifteen years.
Considering the aforementioned factors, we cannot say that the trial judge abused his wide discretion or that defendant’s sentence is a needless infliction of pain and suffering.
For the foregoing reasons, the defendant’s sentences are affirmed.
AFFIRMED.
DOMENGEAUX, C.J., concurs.