DOMENGEAUX, Judge.
Defendant, Kenneth Smith was charged by bill of information with simple burglary of a pharmacy, a violation of La.R.S. 14:62.-1. On January 8, 1987, pursuant to a plea bargain agreement, the defendant pleaded guilty to one count of simple burglary of a pharmacy. In return, the State agreed not to prosecute the defendant on charges of simple burglary of a pharmacy in neighboring Concordia Parish. On March 5, 1987, the defendant was sentenced to serve nine years at hard labor, without benefit of parole, probation, or suspension of sentence.
FACTS
On September 22, 1986, defendant, Kenneth Smith, and another man burglarized a pharmacy located in Sicily Island, Catahou-la Parish. Approximately $4,500.00 in controlled dangerous substances and thirty (30) pounds of pure silver coins were taken.
COMPLIANCE WITH SENTENCING GUIDELINES
Defendant initially argues that the Trial Judge in imposing the sentence, failed to comply with the sentencing guidelines set out in La.C.Cr.P. art. 894.1.
Sentences must be individualized to be compatable with the offenders as well as the offenses. In deciding whether to confine a defendant or to grant him probation, and in deciding on the length of the sentence, the Trial Court must consider certain factors enumerated in La.C.Cr.P. art. 894.1. The Court must state for the record the considerations taken into account and the factual basis therefor. State v. Jones, 398 So.2d 1049 (La.1981). In order to comply with the article, the Trial Court need not refer to every aggravating and mitigating circumstance, but the record must reflect that the Court adequately considered the sentencing guidelines in particularizing the sentence to the defendant. State v. Davis, 448 So.2d 645 (La.1984); State v. Soco, 441 So.2d 719 (La.1983).
In sentencing the defendant, the Trial Judge stated the following considera *839 tions on the record. Defendant had pleaded guilty pursuant to a plea bargain agreement, therefore, substantially reducing his exposure to a higher penalty. Defendant also was financially unable to pay restitution to the owner of the pharmacy. In 1985, the defendant had been convicted in Texas of burglary of a habitation and sentenced to serve six years. This sentence was suspended and the defendant was placed on probation for six years. The Court then noted that not only was the defendant a second felony offender, but that he had committed the crime in this case while on probation for the Texas offense, thus violating the terms of his probation. The Trial Judge also noted that he felt a lesser sentence would deprecate the seriousness of the defendant’s offense.
After careful review of the record and the guidelines of article 894.1, we conclude that the Trial Court adequately complied with the sentencing guidelines by articulating his reasons for sentencing and particularizing the sentence to defendant’s offense. Furthermore, the Trial Judge need not address all the statutory sentencing factors listed in La.C.Cr.P. art. 894.1; he need only indicate that he considered the aggravating and mitigating factors in particularizing defendant’s sentence. This consideration is evident from a review of the record. Therefore, this assignment has no merit.
EXCESSIVENESS OF THE SENTENCE
The Trial Judge sentenced the defendant to the maximum penalty, nine years at hard labor without benefit of probation, parole or suspension of sentence. The defendant argues that this sentence was unconstitutionally excessive, in violation of La. Const, art. I § 20.[1]
The imposition of a sentence, even though within statutory limitations, may still violate this provision and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive and unconstitutional if it is grossly out of proportion to the severity of the crime or it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So. 2d 355 (La.1980). A plea bargain should be considered as a factor in determining whether a sentence is excessive. State v. Davis, 499 So.2d 729 (La.App. 3rd Cir.1986). Even if the defendant has been found guilty of a lesser crime, it is not improper for the sentencing court to consider defendant’s actual conduct. State v. Meyers, 482 So.2d 1089 (La.App. 3rd Cir.1986). The Trial Judge is afforded wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of manifest abuse of discretion by the sentencing judge. State v. Ellis, 497 So.2d 41 (La.App. 3rd Cir.1986). The sentencing guidelines of article 894.1 provide a criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, supra.
In this instance, although defendant’s sentence was the maximum penalty, the record reflects that the sentence given was not an abuse of the Trial Judge’s discretion. This offense is the defendant’s second felony conviction and was committed during probation for his first offense. Defendant’s violation of his parole indicates that he is not a suitable candidate for parole and would likely commit another crime. Defendant admitted to burglarizing the pharmacy in order to steal $4,500.00 worth of drugs which were not recovered. Thirty (30) pounds of sterling silver coins were also stolen and not recovered. Although the defendant has had no police history of drug abuse, he is apparently *840 presently involved in narcotics dealings. Additionally, defendant’s maximum sentence exposure was substantially reduced through his plea bargain agreement which dropped charges of another simple burglary of a pharmacy in exchange for his guilty plea to this crime. This sentence is not unconstitutionally excessive, and consequently this assignment has no merit.
For the above and foregoing reasons defendant’s conviction is affirmed.
AFFIRMED.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.