381 So.2d 416 (1980)
STATE of Louisiana
v.
Irving JONES.
No. 65628.
Supreme Court of Louisiana.
March 3, 1980.
Rehearing Denied April 7, 1980.
*417 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., J. Kevin McNary, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Jay C. Zainey, McPherson, Weber, Zainey & Booth, New Orleans, for defendant-appellant.
DIXON, Justice.[*]
On August 13, 1977 an employee of a Seven-Eleven food store in New Orleans was robbed at gunpoint of the contents of the store's cash register. Six days later the robbery victim selected a photograph of Irving Jones from a group of seven photographs presented to him by the police, and identified it as that of his assailant. Twenty months later Jones, whose name was actually Willis Wilson but who had assumed the Jones alias during this period, was arrested and charged with armed robbery. He was found guilty of that offense by the vote of ten members of a twelve person jury and was sentenced to fifteen years at hard labor, without benefit of probation, parole or suspension of sentence. The defendant's appeal is based on five assignments of error, the last of which is urged by the defendant himself in a pro se brief to this court.

Assignment of Error No. 1
Defendant contends that the trial court erred in denying his challenge for cause of a prospective juror whose husband had been the victim of a similar armed robbery one year earlier, and whose home had been burglarized. However, in response to questioning by the prosecution and by the court regarding the effects of these experiences, this prospective juror expressed her conviction that she was capable of giving the defendant a fair and impartial trial. Although she also manifested her disagreement with defense counsel's analogy of proof beyond a reasonable doubt to a football field touchdown, her subsequent expression of her own concept of reasonable doubt was a fairly accurate approximation of that standard. The trial court's evaluation of a prospective juror's fairness and impartiality is entitled to great weight and will not be set aside unless it is arbitrary and unreasonable. State v. Webb, 364 So.2d 984 (La.1978). Because the voir dire examination supports the trial judge's determination that this prospective juror could fairly and impartially serve, this assignment of error is without merit.

Assignment of Error No. 2
Defendant was identified as the perpetrator of this armed robbery when the victim selected, out of a group of seven photographs displayed to him by the police, a *418 police department photograph of Jones made some ten years earlier. This photograph, signed on the reverse side by the victim at the time of the identification, was introduced at trial by the prosecution as proof of the out-of-court identification. Defendant contends that the trial court erred in permitting this "mug shot" to be shown to the jury because, as evidence of a prior criminal record, it was prejudicial to defendant.
To be admissible, a photograph must be relevant to a material issue at trial, and its probative value must outweigh any possible prejudicial effect upon the jury. State v. Jones, 345 So.2d 1157 (La.1977); State v. Redwine, 337 So.2d 1041 (La.1976); State v. Cooper, 334 So.2d 211 (La.1976). With the exception of some evidence of the defendant's guilty behavior in allegedly attempting to avoid apprehension by the police, the state's entire case rested on the victim's identification of this photograph as that of the man who robbed him at gunpoint, and on his in-court identification. Because of the photograph's relevance to the material issue of identification, and its probative value, this evidence was properly admitted, and defendant's assignment of error is without merit.

Assignment of Error No. 3
In this assignment, defendant argues that his conviction by the non-unanimous verdict of a twelve person jury, a procedure authorized by Article 1, § 17 of the Louisiana Constitution and C.Cr.P. 782, violates the right to trial by jury guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. Defendant concedes that the United States Supreme Court has upheld the use of non-unanimous verdicts in cases involving twelve person juries.[1] He notes, however, that in Burch v. Louisiana, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), that court recently held that unanimity is constitutionally required where a jury is composed of only six persons. Defendant's contention that Burch implies that the verdict of a twelve person jury must also be unanimous is belied by that opinion itself, which specifically indicates that the unanimity required of a six person jury is a function of its reduced size. This argument is therefore without merit.

Assignment of Error No. 4
Defendant here contends that his sentence of fifteen years at hard labor without benefit of probation, parole or suspension of sentence is an excessive punishment, in violation of Article 1, § 20 of the Louisiana Constitution. His sentence falls in the lower range of sentences which might have been imposed within the statutory limits of five to ninety-nine years for the crime of armed robbery. We have held, however, that even when a sentence is within the statutory limit, it may be reviewed by this court for excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). We have also held that in imposing sentence, the trial judge must comply with the mandatory requirements of C.Cr.P. 894.1, individualizing the sentence by stating for the record the considerations taken into account and the factual bases therefor. State v. Cox, 369 So.2d 118 (La.1979); State v. Gist, 369 So.2d 1339 (La.1979).
In sentencing Jones, the trial judge stated only that a lesser sentence would deprecate the seriousness of the crime; he provided no factual bases for the length of the sentence imposed, and he did not consider the possible existence of statutory mitigating factors. A sentence may be vacated and a case remanded for re-sentencing, however, when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. State v. Cox, supra; State v. Jackson, 360 So.2d 842 (La.1978). Otherwise, a sentence should not be set aside as excessive in the absence of a clear abuse of the wide discretion accorded *419 a trial judge in the imposition of sentences within statutory limits. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Sepulvado, supra. Because defendant's sentence is not apparently severe, we cannot find that the trial judge abused his wide discretion. This assignment of error lacks merit.
In a brief submitted to this court by defendant himself, Jones contends that he was prejudiced by certain comments made by the prosecution in its closing argument to the jury.[2] Jones claims that the prosecutor at that time directed the jury's attention to his mother's failure to appear to testify in his behalf regarding his presence at a party at the time of the robbery, the only defense presented by defendant, and that the prosecutor suggested that this failure to appear was proof that his mother was convinced of defendant's guilt. Attached to defendant's brief is a certificate from the Orleans Parish Coroner's Office, showing that his mother died eight months before his trial, the victim of a homicide.
The trial transcript shows that defense counsel was careful to introduce testimonial and documentary evidence of the subsequent death (and consequent inability to appear to testify) of a key figure in Jones' alibi defense, a man who was allegedly Jones' co-honoree at a two day party given by Jones' sister. However, in the course of their extensive testimony concerning the party and its participants, Jones' alibi witnesses made only fleeting reference to the fact that his mother and father had looked in on the celebration, e. g., question by the state: "Who else was there?": answer by defendant's sister: "My mama passed over, but she left. My daddy he came by, but they left. They didn't stay." Defense counsel's failure to introduce evidence of Jones' mother's subsequent death is therefore quite understandable; he would have had no reason to anticipate the state's use of her failure to appear at trial.
However, defense counsel also failed to raise any objection to this portion of the state's closing argument, nor did he move for a mistrial on the ground of the state's prejudicial remarks, as provided by C.Cr.P. 771.[3] The absence of a timely objection or motion for mistrial constituted a waiver of this alleged error. State v. Mallett, 357 So.2d 1105 (La.1978); State v. Sims, 346 So.2d 664 (La.1977); State v. Smith, 339 So.2d 829 (La.1976). This error is therefore not properly presented for our review on appeal.
The conviction and sentence of the defendant are affirmed.
CALOGERO, J., concurs and assigns reasons.
CALOGERO, Justice, concurring.
I concur. If defendant's contention concerning his lawyer's failure to object to the District Attorney's argument has merit, his relief is by way of writ of habeas corpus alleging ineffectiveness of counsel.
NOTES
[*] Chief Judge PAUL B. LANDRY, Retired, participated in this decision as an Associate Justice Ad Hoc.
[1] Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), ten jurors out of twelve; Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), nine jurors out of twelve.
[2] The prosecutor stated: "And look at the witnesses. His two sisters and a very, very good friend. Where are all these other people? Where is Ted and Donald and that whole group? Where is his mama and daddy who were at the party? Where are all those other people? You mean to tell me if you were on trial for armed robbery, you couldn't round up all your friends if you had been at some birthday party, any of you all? Armed robbery. That is a serious offense, and you can't get your friends, your so-called friends to come down here for you? That strikes me very, very strange, ladies and gentlemen...."
[3] In his brief, defendant claims that he urged his counsel to object to the prosecutor's remarks, but that counsel informed him that an objection would be improper.