LABORDE, Judge.
Defendant, Purvis R. Gaspard, and Raymond Clinton Bobo were each charged with one count of theft of livestock in violation of LSA-R.S. 14:67.1. After pleading guilty, defendant and Raymond Bobo were each sentenced to serve one (1) year in the parish jail as a probationary condition of the suspension of their three (3) year sentences at hard labor. Defendant contends .on appeal that his sentence is excessive. Raymond Bobo has also appealed on the same basis for which a separate opinion is being rendered this day by us. Considering that defendant’s sentence is not excessive, we affirm.
FACTS
On January 21, 1983, defendant, Purvis R. Gaspard and Raymond Clinton Bobo were arrested for theft of livestock in violation of LSA-R.S. 14:67.1. The record reveals that after planning the trip, defendant and Raymond Bobo gathered equipment necessary to slaughter a beef, including a hatchet, six knives, a pulley, a rope, a rifle and a headlight. At approximately 4:30 a.m., they arrived at the scene and slaughtered one beef belonging to Mark E. Broussard. Upon returning home, they were arrested with the meat in their possession.
Defendant and Raymond Bobo both entered a guilty plea and following a favorable presentence investigation each received a three (3) year suspended sentence and were placed on probation with a special condition that they each serve one (1) year in the parish jail.
Defendant appealed, as well as Raymond Bobo for which a separate opinion is being rendered this day by us in State v. Bobo, our docket No. CR83-1008, 457 So.2d 893 (La.App. 3rd Cir.1984).
ISSUE
Defendant appeals contending that his sentence is excessive and that the trial judge failed to comply with the sentencing guidelines under LSA-C.Cr.P. article 894.1.
REVIEW OF SENTENCE AND COMPLIANCE WITH LSA-C.Cr.P. 894.1
The penalty for theft of livestock provides for a fine of not more than five thousand dollars ($5,000) or imprisonment, with or without hard labor for not more than ten (10) years, or both. Defendant avers that imposition of a one (1) year sentence without hard labor as a condition of probation is excessive given the fact that he is a first offender and that restitution has been made to the victim. Defendant further contends that the trial judge failed to state for the record the considerations and factual bases for the sentences imposed. We agree with his latter contention that the trial judge failed to state for the record the factual basis and the considerations taken into account for imposing sentence. However, in State v. Cox, 369 So.2d 118 (La.1979), the Louisiana Supreme Court held that where the trial judge imposes a sentence without adequately complying with article 894.1, the reviewing court may vacate a sentence and remand for resen-tencing when the reasons for an apparently severe sentence, in relation to the particular offender and the actual offense committed, do not appear in the record.
In sentence review cases, we first consider whether the trial court has complied with the requirements of article 894.1. Assuming that it has so complied, we then determine the question of excessiveness on the merits in light of the circumstances alleged on appeal. If the trial court has failed to comply with article 894.1, as in this case, we next consider whether the defendant has shown his sentence to be an apparently severe or excessive one. If it is shown to be excessive, the court will remand for resentencing. If it is not, we will affirm. State v. Vizena, 454 So.2d 1291 (La.App. 3rd Cir.1984).
In this instance, we find that the trial judge failed to state for the record the considerations and factual bases taken into account for imposing sentence on the defendant. LSA-C.Cr.P. 894.1(C). However, we find that defendant failed to show that his sentence is excessive or apparently se *893 vere in relation to him and the actual offense committed. Further, we do not find from our independent research that the defendant’s sentence is an excessive one under the circumstances. In State v. Gray, 436 So.2d 639 (La.App. 3rd Cir.), writ denied, 440 So.2d 150 (La.1983), we affirmed a conviction and sentence of one (1) year at hard labor for theft of livestock. After considering the factual similarities of Gray supra and the instant case, we conclude that the defendant’s sentence in this instance is not disproportionate in light of the circumstances surrounding the offense.
In State v. Jones, 381 So.2d 416 (La.1980), the Supreme Court refused to remand for resentencing despite the trial judge’s inadequate compliance with article 894.1. The court held that the penalty was not an apparently severe one. The same is true in the case before us.
Accordingly, we hold that the defendant’s sentence must be upheld.
For the above and foregoing reasons, the defendant’s, Purvis R. Gaspard, sentence is affirmed.
AFFIRMED.