DOUCET, Judge.
The defendant, Horace Stevens, appeals from a sentence of ten years at hard labor.
On June 6, 1983, the defendant, a sixteen-year old juvenile, and Otto Nelson, age 26, robbed Joe and Helen Scroggins of Leesville, Vernon Parish, Louisiana, while armed with a pistol. The two masked defendants forced their way into the Scrog-gins' home and stole money and a television set while holding the Scroggins at gun point.
Otto Nelson was arrested in Vernon Parish on June 17, 1983. On October 11, 1983 he pled guilty to armed robbery. Nelson was sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence.
Horace Stevens was arrested on June 16, 1983. On August 18, 1983, the Court conducted a juvenile transfer hearing. The defendant was transferred from juvenile to adult jurisdiction pursuant to the provisions of La.R.S. 13:1571.1 et seq.
The defendant was arraigned on October 17, 1983 and pled guilty to armed robbery on December 15, 1983. After a pre-sen-tence investigation, the defendant was sentenced to serve ten years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant appeals on the basis that the sentence is unconstitutionally excessive.
The crime of armed robbery is punishable by imprisonment at hard labor for not less than five years and for not more than ninety-nine years without benefit of parole, probation, or suspension of sentence. La.R.S. 14:64. Therefore the sentence of ten years at hard labor imposed by the trial court is well within the statutory *573 limits. However, even a sentence which falls within the statutory limits may violate a defendant’s right against excessive punishment. La. Const, art. 1 § 20; State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Spencer, 374 So.2d 1195 (La.1979); State v. Brown, 412 So.2d 998 (La.1982).
A sentence may be vacated as unconstitutionally excessive, and the case remanded for resentencing “when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. Otherwise, a sentence should not be set aside as excessive in the absence of a clear abuse of the wide discretion accorded a trial judge in the imposition of sentences within statutory limits.” State v. Jones, 381 So.2d 416 (La.1980). (citations omitted) The sentence imposed on Mr. Stevens is not “apparently severe in relation to the offense committed and the particular offender.” The factual basis for the sentence and factors considered in imposing sentence was fully revealed by the trial judge at sentencing. The trial judge reviewed the facts of the case. He stated that the defendant and Otto Nelson invaded the Scroggins’ home, held a gun on them, threatened them, and placed Mrs. Scroggins in fear of being sexually abused. The trial judge explained that he was taking into account the fact that the defendant was only 16 years old at the time of the offense and younger than his accomplice. However, he stated that it appeared that the defendant was the moving force behind the robbery. The defendant knew the victims and where they lived. It was the defendant who wielded the gun and made threats while his accomplice stood by. The judge stated that had the defendant been a passive partner in the crime he would have considered the minimum sentence. However, the judge explained that he would have imposed a harsher sentence had defendant not been a juvenile and a first felony offender.
The extensive reasons given by the trial judge at sentencing show that he fully considered all the facts and circumstances in reaching a sentencing decision. Therefore, we will review whether the court’s large discretion has been abused. State v. Cox, 369 So.2d 118 (La.1979); State v. Jones, supra.
The trial judge is in a unique position to view the facts and circumstances of the case, which cannot be duplicated on appeal. As a result he is afforded wide discretion in imposing sentences within the statutory limits. A sentence imposed by the trial judge should not be vacated in the absence of a clear abuse of that discretion. State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983); State v. Jones, supra.
The standard for determining whether a trial judge has abused his discretion is whether the sentence imposed is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). “To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.” State v. Bonanno, supra; State v. Beavers, 382 So.2d 943 (La.1980).
After a careful consideration of the facts of this case we cannot find that the trial judge abused his discretion by sentencing the defendant to ten years at hard labor without benefit of parole, probation, or suspension of sentence. Therefore the conviction and sentence are affirmed.
AFFIRMED.