DOUCET, Judge.
Defendant, Wilbert LaFleur, Jr., appeals from a conviction and sentence for Simple Burglary and Theft.
In the early morning hours of March 9, 1983, Angela Fontenot Dempsey saw three black men rob a burned out residence at 2401 Elm Street, taking certain “box-like” items. Ms. Dempsey awakened her boyfriend who called the Calcasieu Parish Sheriffs Office. Before any deputies arrived, the three men drove away. Ms. Dempsey described the car to Calcasieu Parish Sheriffs Deputy Pelloquin. About one-half mile from the burglarized residence, an automobile fitting the description given by Ms. Dempsey was stopped by Deputy Pelloquin. The car was being driven by Kenneth Manuel. Wilbert LaFleur, Jr. and Darrel Kennerson were the only passengers. There was stereo equipment in the back seat. A search of the trunk of the vehicle, made with Kenneth Manuel’s consent, revealed more stereo equipment. A short time later, Ms. Dempsey identified the three men as the ones she had seen *1168 enter the house at 2401 Elm Street. The owner of 2401 Elm, Mr. Sherer, identified the stereo equipment as his own, by the use of serial numbers assigned to the equipment for insurance purposes.
All three men were charged with the crimes of simple burglary and felony theft. Kenneth Manuel and Darrel Kennerson pled guilty to the charges. Wilbert La-Fleur, Jr. was found guilty by a six-person jury of simple burglary and theft in the amount of $300.00. A motion for post-verdict judgment of acquittal and a motion for a new trial were heard and denied. Defendant waived legal delays and was sentenced to serve seven years on the burglary charge and two years on the theft charge, with the sentences to run concurrently. Defendant appeals from the verdict, the denial of the motion for post-verdict judgment of acquittal and the motion for new trial, as well as from the sentence imposed.
Defendant contends in his assignments of error that the verdict of the jury was contrary to the law and the evidence, and that the trial court erred in denying his motion for a new trial and for post-verdict judgment of acquittal. La.C.Cr.P. art. 851 provides with regard to motions for new trial that:
“The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
(2) The court’s ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; or
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.”
In State v. Smith, 430 So.2d 31 (La.1983) the Supreme Court noted that:
“... the motion for acquittal is properly made only when the case is tried before a judge alone. La.C.Cr.P. art. 778; State v. Vaccaro, 411 So.2d 415 (La.1982); State v. Middlebrook, 409 So.2d 588 (La.1982). Since the present case was tried before a jury, this court will treat the acquittal motion as one for a new trial. State v. Vaccaro, 411 So.2d 415 (La.1982); State v. Brown, 395 So.2d 1301 (La.1981).”
As in that case, defendant’s motion for post-verdict judgment of acquittal will be treated as one for new trial.
Defendant bases all these assignments of error on the contention that insufficient evidence was presented to prove that Wilbert LaFleur, Jr. was guilty beyond a reasonable doubt.
The standard by which the sufficiency of the evidence is to be judged is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 560 (1979).
The evidence at trial was conflicting. Angela Fontenot Dempsey testified that she saw three black men rob the residence at 2401 Elm Street. Three black men, including Wilbert LaFleur, were stopped a short distance away. Their car met the description given by Angela Dempsey of the vehicle driven by the burglars. Ms. *1169 Dempsey identified the men who were stopped as those who robbed the house.
Mr. LaFleur and his two accomplices all testified that the defendant was drunk and slept through the burglary without participating.
The arresting officer, Deputy Pelloquin, testified that when he stopped the car, Mr. LaFleur did not seem drunk or sleepy.
When there is conflicting testimony as to a factual matter, the question of the credibility of the witnesses is within the sound discretion of the trier of fact. Its factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Cobbs, 350 So.2d 168 (La.1977). The jury, as the trier of fact in this case, found the testimony of Ms. Dempsey and Deputy Pel-loquin more credible than that of the defendant and his accomplices. We find that the evidence, when viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact beyond a reasonable doubt that Wilbert LaFleur, Jr. did commit the crimes of simple burglary and theft in the amount of $300.00.
In consideration of this finding that sufficient evidence exists to uphold the conviction, we find that the verdict of the jury is not contrary to the law and the evidence and that the trial judge correctly denied the motion for new trial and for post-verdict judgment of acquittal.
The defendant further argues that the sentence imposed is 1) unconstitutionally excessive and 2) was imposed without sufficient consideration for the sentencing guidelines of Art. 894.1.
The crime of simple burglary is punishable by a fine of not more than $2,000, imprisonment with or without hard labor for not more than 12 years or both. La. R.S. 14:62. The crime of theft when the taking amounts to a value of $100 or more, but less than $500 is punishable by imprisonment with or without hard labor for not more than ten years, or a fine of not more than $3,000 or both. La.R.S. 14:67.
On the simple burglary conviction, defendant was sentenced to seven years. On the theft charge, a sentence of two years was imposed. The sentences are to run concurrently. Both sentences are well within the statutory limits. However, even a sentence which falls within the statutory limits may violate a defendant’s right against excessive punishment. La. Const. art. 1 § 20; State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Spencer, 374 So.2d 1195 (La.1979); State v. Brown, 412 So.2d 998 (La.1982).
A sentence may be vacated as unconstitutionally excessive, and the case remanded for resentencing “when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. Otherwise, a sentence should not be set aside as excessive in the absence of a clear abuse of the wide discretion accorded a trial judge in the imposition of sentences within statutory limits.” State v. Jones, 381 So.2d 416 (La.1980) (citations omitted). As was the case in State v. Jones, supra, the sentence imposed on Mr. LaFleur is not “apparently severe in relation to the offense committed.and the particular offender.” Therefore, in accord with the Supreme Court’s decision in Jones, we need go no further in reviewing the sentence imposed. We cannot find that the trial judge abused his discretion.
We affirm the conviction and sentence.
AFFIRM.