DOUCET, Judge.
The defendant, Frank Sepulvado, was charged with one count of Aggravated Burglary and three counts of Simple Burglary. As the result of a plea bargain arrangement, the defendant pled guilty to two counts of Simple Burglary. A pre-sentence investigation and report was ordered. The trial court judge sentenced the defendant to six years at hard labor on each count, with the sentences to run concurrently. The defendant received credit for time served. The defendant appeals from this sentence. He alleges that the trial court failed to follow the sentencing guidelines of article 894.1. He further alleges that the sentence imposed was unconstitutionally excessive.
The crime of Simple Burglary is punishable by a fine of $2,000.00, imprisonment with or without hard labor for twelve years, or both. Therefore, the six year sentence imposed on the defendant is well within the statutory limit for sentencing. However, even a sentence which falls within the statutory limits may violate a defendant’s right against excessive punishment. La. Const. art. 1 § 20; State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Spencer, 374 So.2d 1195 (La.1979); State v. Brown, 412 So.2d 998 (La.1982).
“A punishment is considered constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Telsee, supra; State v. Sims, 410 So.2d 1082 (La.1982); State v. Beavers, 382 So.2d 943 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980).”
State v. Davis, 449 So.2d 452 (La.1984). La.C.Cr.P. art. 894.1 was enacted to assist the courts in imposing appropriate sentences. It provides sentencing guidelines: three factors weighing in favor of a sentence of imprisonment, or aggravating circumstances, and eleven factors weighing in favor of a probated or suspended sentence, or mitigating circumstances. Under La.C. Cr.P. art. 894.1 a trial judge, in sentencing, must state for the record those circumstances taken into account as well as the factual basis for a sentence imposed. State v. MacDonald, 390 So.2d 1276 (La.1980). It is not necessary that every aggravating and mitigating circumstance enumerated in La.C.Cr.P. art. 894.1 be articulated by the trial judge. However, the record must reflect that he adequately considered the sentencing guidelines in particularizing the sentence to the individual defendant. The record must show that the trial judge considered the mitigating circumstances as well as those militating for imprisonment. State v. Duncan, 420 So.2d 1105 (La.1982); State v. Davis, supra. This statement of reasons is designed to aid the appellate court in the review of an allegedly excessive sentence. State v. MacDonald, supra.
Where the trial judge does not comply with the requirements of La.C.Cr.P. art. 894.1, and the reasons for an apparently severe sentence in relation to the offender and the actual offense committed do not appear in the record, a sentence may be vacated as unconstitutionally excessive and the case remanded for resentencing. State v. Jones, 381 So.2d 416 (La.1980); State v. MacDonald, supra. We do not believe that the sentence imposed in the case presently before the court is “apparently severe in relation to the offender and the offense”.
In addition,, the factual basis for the sentence and the factors considered in imposing sentence were fully revealed by the trial judge at sentencing as required by La.C.Cr.P. art. 894.1. The trial judge stated that he had reviewed the pre-sentence investigation. It was his opinion that the defendant was likely to commit another crime during any probationary period. He further opined that the defendant needs a correctional environment best afforded by *914 confinement. He stated that any lesser sentence would deprecate the seriousness of the offense.
La.C.Cr.P. Art. 894.1A states:
“A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.”
“Where either one of parts A(l), (2), or (3) of the Louisiana Code of Criminal Procedure art. 894.1 is applicable, the court has a legislative mandate to imprison a convicted felon. State v. Foley, 448 So.2d 731 (La. App. 5th Cir.1984).” State v. Johnson, 474 So.2d 36 (La.App. 3rd Cir.1985). However, in this case, the court stated that it had also considered the mitigating factors, which would tend to indicate a suspended or probated sentence. However, he found them to be outweighed by the aggravating factors, especially in light of defendant’s age (54 years), criminal record, erratic employment record, and lack of education.
The reasons given by the trial judge at sentencing show that he fully considered all the facts and circumstances in reaching a sentencing decision. Therefore, we will review whether the court’s large discretion has been abused. State v, Cox, 369 So.2d 118 (La.1979); State v. Jones, supra.
The trial judge is in a unique position to view the facts and circumstances of the case, which cannot be duplicated on appeal. As a result he is afforded wide discretion in imposing sentences within the statutory limits. A sentence imposed by the trial judge should not be vacated in the absence of a clear abuse of that discretion. State v.
Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983); State v. Jones, supra.
The standard for determining whether a trial judge has abused his discretion is whether the sentence imposed is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). “To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.” State v. Bonanno, supra; State v. Beavers, 382 So.2d 943 (La.1980).
After a careful consideration of the facts of this case, we cannot find that the trial judge abused his discretion by sentencing the defendant to six years at hard labor on each count, with the sentences to run concurrently. Therefore, the conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.