YELVERTON, Judge.
The defendant, Roger L. Desselle, was convicted by a jury of distribution of a controlled dangerous substance in violation of La.R.S. 40:969 A(l), and sentenced to serve five years at hard labor.
Defendant assigns three conviction errors having to do with sufficiency of the evidence, the jury selection, and the jury charges. He also complains that he received an excessive sentence.
SUFFICIENCY OF THE EVIDENCE
The defendant contends that the verdict rendered was contrary to the law and evidence and failed to establish guilt beyond a reasonable doubt.
The standard of review as to the sufficiency of the evidence is whether viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt proof of each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984).
In the present case, the defendant was convicted of the crime of distribution of a controlled dangerous substance listed in Schedule IV of La.R.S. 40:964, to wit: dia-zepam (valium), in violation of La.R.S. 40:969 A(1) which states as follows:
§ 969. Prohibited acts — Schedule IV; penalties
“A. Manufacture; distribution. Except as authorized by this part, it shall be *1053 unlawful for any person knowingly or intentionally:
“(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule IV;”
At trial, Officer Douglas E. Gremillion of the Louisiana State Police Narcotics Section, testified that on May 15, 1984, he met with the defendant at a Billups gas station on LA. 28 several miles east of Pineville in Rapides Parish. He testified that at the defendant’s request, they both drove to the Red Horse Bar on LA 107 at Wainwright Road, a location preferred by the defendant because he thought it would be less crowded. Once they pulled into the parking lot, Officer Gremillion walked over to the driver’s side of the defendant’s vehicle and the defendant handed him a package of vali-ums. Officer Gremillion checked what was in the package and then gave the defendant $60. The defendant put this money in his pocket. Officer Gremillion took this package to the crime lab, which later reported that these 98 pills contained diazep-am, a controlled dangerous substance listed in Schedule IV. At trial, Officer Gremillion identified the defendant as the man who sold him the 98 pills.
Phillip W. Wagner, also a narcotics agent for the Louisiana State Police, testified that he had assumed the role of senior agent in charge of this investigation. Officer Wagner testified that he was engaged in a “rolling surveillance” of this transaction. His testimony corroborated that of Officer Gremillion.
Viewing this direct testimony evidence of Officers Gremillion and Wagner in a light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime charged in that the defendant had sold Officer Gremillion 98 pills known as “valium” which were found to contain diazepam, a controlled dangerous substance listed in Schedule IV of La.R.S. 40:969 A(1).
This assignment of error is without merit.
THE JURY SELECTION
The defendant contends that the trial court erred in refusing to allow his counsel to ask potential jurors during jury selection about their understanding of the meaning and definition of reasonable doubt.
The record reflects that during the voir dire examination of James Nathan Francis, the State objected to defense counsel’s repetitious questioning of Mr. Francis on the issue of reasonable doubt. The court sustained this objection and informed defendant’s counsel that this, was not a proper question for voir dire. It is not clear whether the ruling was based on the repetitious nature of the question or its content.
In any event, the defendant failed to object to the ruling. Article 841 of the Louisiana Code of Criminal Procedure requires a party to let the court know when he objects to the action of the court. In State v. Morris, 429 So.2d 111 (La.1983), the Louisiana Supreme Court applied La.C. Cr.P. art. 841 to a case in which the defendant counsel failed to object to the trial court’s ruling during the voir dire examination, explaining that the purpose of the contemporaneous objection rule is to put the trial judge on notice of the alleged irregularity so that he can cure the problem, if there is one. When a party fails to object to the court’s ruling that his questions were improper, he waives the right to raise this issue on appeal. Ibid.
Nevertheless, even if the defendant had made a timely objection, his argument lacks merit. After reviewing the voir dire examination of Mr. Francis, it is clear that defense counsel had questioned this prospective juror on several occasions concerning his knowledge on the “reasonable doubt” burden of proof. Thus, the record reflects that the trial court afforded defense counsel sufficient latitude in questioning prospective jurors about their knowledge of the reasonable doubt standard and the state’s burden of proof. See State v. Williams, 457 So.2d 610 (La.1984).
*1054 This assignment of error is without merit.
JURY CHARGES
The defendant contends the trial court erred in refusing to include a requested jury instruction.
The trial court ruled that it did not believe the requested charge was correct and did not include it in the instructions.
The defendant’s requested jury charge was as follows:
“During your deliberations in the jury room, if you conclude from the evidence presented to you that there are two reasonable theories that have been presented, one of which is consistent with the defendant’s case and you have further determined that both theories could have reasonably taken place, then it is our duty to acquit the defendant, because the state has not met its burden of proof beyond a reasonable doubt such that no other reasonable hypothesis could have taken place. You are to make this judgment of acquittal notwithstanding whose theory you may actually believe, but on the basis that the state did not prove beyond a reasonable doubt that something else reasonable could have transpired.”
The charge on reasonable doubt given by the court read this way:
“While the State has to prove guilt beyond a reasonable doubt, it does not have to prove guilt beyond all possible doubt.
“ ‘Reasonable doubt’ is doubt based upon reason and common sense, and is present when, after you have carefully considered all of the evidence, you cannot say that you are firmly convinced of the truth of the charge.”
The requested special charge was covered by the general charge dealing with reasonable doubt, and it was therefore not error for the court to have refused to give the requested charge. La.C.Cr.P. arts. 804 and 807; State v. Corey, 339 So.2d 804 (La.1976).
EXCESSIVE SENTENCE
Defendant complains that his sentence of five years at hard labor was excessive. For this crime, he could have been sentenced to imprisonment at hard labor for not more than 10 years, and ordered to pay a fine of not more than $15,000. R.S. 40:969 B.
This sentence of five years falls in the midrange of the statutory limits for imprisonment, and no fine at all was imposed. We are nevertheless required to review it for excessiveness. La. Const. Art. 1, § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). A trial judge has wide discretion in the imposition of sentence within statutory limits, and a sentence should not be set aside as excessive in the absence of clear abuse of that discretion. State v. Jones, 381 So.2d 416 (La.1980). The threshold test is whether the sentence is “apparently severe in relation to the offense committed and the particular offender.” Ibid.; State v. LaFleur, 461 So.2d 1167 (La.App. 3rd Cir.1984), writ denied, 464 So.2d 313 (La.1985). A sentence in the exact midrange of the spectrum cannot be said to be “apparently severe” any more so than it can be said to be “apparently lenient.” When this sentence is measured against the particular offender, it is not a severe one. As the trial judge stated at sentencing, this defendant had an earlier felony conviction, he was 29 years of age, and unmarried. The sentence was not an abuse of discretion.
For the above reasons, both the conviction and the sentence are affirmed.
AFFIRMED.