CIACCIO, Judge.
Defendant Gregory Kelson, was indicted on two counts of attempted first degree murder of two New Orleans Police Officers. La.R.S. 14:27 and 14:30. A jury found defendant guilty as charged on both counts. He was sentenced as a multiple offender and ordered to serve fifty (50) years on each count in the Louisiana Department of Corrections. The sentences were to be served consecutively. Defendant appeals his sentence relying on two assignments of error. We affirm the defendant’s convictions, vacate his sentence and remand for resentencing in accordance with this opinion.
On May 28, 1985 at approximately 11:00 a.m., Police Officers Wayne Rumore and Joseph Catalanatto responded to a radio call to investigate a discharge of a firearm near Willow and Sixth Streets in New Orleans. While driving to the scene, the officers were told the suspects, two black males, drove off in an Oldsmobile Delta 88. At Washington Avenue and Willow Streets, the officers saw the car and turned their police unit to block the Delta 88. The uniformed officers drew their guns, stood behind the unit’s doors, and ordered the suspects out of their car. Both black males exited the vehicles. Rumore' and Catalanatto witnessed the passenger lean into the car as if to say something to the driver and then pull out a large revolver and begin firing at them. Rumore testified the first bullet the passenger shot shattered his door’s window and hit him in his bullet proof vest. For about one minute a gun battle ensued. Both officers testified they could see the passenger’s face very clearly as he fired at them. During the battle, Rumore was wounded in his leg. The two black males ran away. Catalanat-to began to follow them but rushed to his partner’s aid when he realized he was injured. While the gun battle occurred, other officers arrived on the scene to render assistance. They observed the shoot-out between the officers and the two black males standing behind the Delta 88. Some officers placed Rumore in a police car and drove him to the hospital, where he underwent surgery.
Both officers identified the passenger when shown a photographic line-up. Additionally, upon returning to headquarters, later that day, Catalanatto identified the defendant, who was in custody at the police station.
Sgt. James Eaton ran the license identification number of the Delta 88 and learned it belonged to the defendant who lived at 3033 Robert Street. Inside the car were various cassette players, TV’s and video equipment from which fingerprints were *390 lifted which were later matched with those of the defendant.
The same day at approximately 11:30 a.m., Officer Michael Sciortino was dispatched to the defendant’s house at 3033 Robert Street. The defendant was not in his house, but Sciortino noticed a neighbor very upset and standing outside her house. Sciortino found the defendant inside the neighbor’s house. The neighbor, Edna Hampton, testified the defendant came to her house wearing a towel, told her the school was on fire, and asked for a pair of pants. Ms. Hampton went outside her house and encountered Officer Sciortino. The defendant soon exited the house wearing shorts and a shirt, and the police then arrested him.
In his first assignment of error, the defendant contends that the trial court erred when it sentenced him as a multiple offender on two counts of attempted first degree murder. La.R.S. 15:529.1.
Convictions on more than one count entered on the same day are treated as one conviction when utilized as a predicate offense during a multiple offender proceeding. La.R.S. 15:529.1. State v. Sherer, 411 So.2d 1050 (La., 1982); State v. Juegain, 478 So.2d 542 (La.App., 4th Cir., 1985).
In this case the defendant was found to be a triple offender. In addition to a conviction for attempted simple burglary and possession of stolen property, the multiple bill charged the defendant with having been found guilty of two counts of attempted first degree murder. The convictions for attempted first degree murder were rendered on the same day. At the hearing on the multiple bill the defendant entered a guilty plea and the trial judge sentenced him as follows:
By the Court
* * * * * *
Based on all of the things that I just said, and I am also adopting the memorandum supporting a severe sentence that the district attorney has given me, I am ready to sentence the defendant on the multiple bill as to both counts of attempted murder.
******
By the Court:
All right.
It is the sentence of this Court to sentence the defendant to fifty (50) years in the Department of Corrections on count one. It is the sentence of this Court to sentence the defendant on count two to fifty (50) years in the Department of Corrections to run consecutively.
The defendant was adjudicated a multiple offender based on convictions entered on the same day on two counts arising from the same bill of information. It was error for the trial court to sentence the defendant as a multiple offender on both counts. For this reason we will vacate the sentence imposed and remand for resen-tencing in accordance with the dictates of this opinion.
In the second assignment of error the defendant contends that the trial court’s imposition of two fifty year consecutive sentences is unconstitutionally excessive. He also alleges that the trial court did not adequately explore all the aggravating and mitigating factors as required by the statutory sentencing guidelines. La.C.Cr.P. Art. 894.1.
The federal and state constitutions prohibit the imposition of excessive punishment. U.S. Const. Amend. 8; La. Const. Art. 1 § 20. The imposition of a sentence within statutory limits may nonetheless be unconstitutional if it is grossly disproportionate to the severity of the crime or results in a purposeless imposition of pain and suffering. State v. Bragdon, 457 So.2d 616 (La., 1984); cert. den. 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). A trial judge is given wide discretion in the imposition of sentencing within statutory limits and the sentence imposed will not be set aside absent a clear abuse of discretion. State v. Molinario, 400 So.2d 596 (La., 1981). A sentencing court should, however, individualize the sentence to the offender and the offense and in so acting, the court is aided by following the manda *391 tory guidelines for sentencing set forth in Louisiana Code of Criminal Procedure Article 894.1. State v. Jones, 381 So.2d 416 (La., 1980). In this case the defendant, a third offender, could have been sentenced to serve 100 years imprisonment. The trial judge chose to sentence him to one half the maximum penalty. In sentencing this defendant, the judge closely followed the statutory sentencing guidelines. At the time of imposition of the sentence, the judge noted that the defendant had previous convictions for possession of stolen property and attempted simple burglary. He was perceived as a dangerous person. His attempt to kill two police officers was viewed as a heinous assault upon the law enforcement officers and society as a whole. The sentencing judge was also of the opinion that any lesser sentence would deprecate the seriousness of the offense.
Under these circumstances the sentence imposed was not excessive and the court adhered to sentencing guidelines in its imposition. As such we find this assignment lacks merit.
For the reasons assigned the defendant’s conviction is affirmed, his sentencing as a multiple offender is vacated and the case is remanded for resentencing in accordance with the opinion herein expressed.
Conviction Affirmed, Sentence Vacated, Remanded for Resentencing.