| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2019-KA-1014** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **CHARLES MONROE** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 536-591, SECTION "D"
Honorable Paul A Bonin, Judge

\* \* \* \* \* \*

**Judge Tiffany G. Chase**

\* \* \* \* \* \*

(Court composed of Chief Judge James F. McKay, III, Judge Tiffany G. Chase, Judge Dale N. Atkins)

Christopher A. Aberle
LOUISIANA APPELLATE PROJECT
P.O. Box 8583
Mandeville, LA 70470-8583

    COUNSEL FOR APPELLANT/DEFENDANT

**CONVICTION AFFIRMED
FEBRUARY 19, 2020**

Charles Monroe (hereinafter "Mr. Monroe"), appeals his conviction of second degree murder. After consideration of the record before this Court, and the applicable law, we affirm Mr. Monroe's conviction.

## RELEVANT FACTS AND PROCEDURAL HISTORY

On August 17, 2017, Mr. Monroe was charged by grand jury indictment of one count of second degree murder and one count of obstruction of justice, violations of La. R.S. 14:30.1 and La. R.S. 14:130.1, respectively. Prior to trial, Mr. Monroe filed a motion to declare La. C.Cr.P. art. 782(A) and La. Const. art. I, Section 17 unconstitutional and a request for a jury instruction requiring a unanimous verdict. The trial court denied the motion. After a two-day trial, the jury returned a verdict finding Mr. Monroe not guilty of obstruction of justice and guilty of second degree murder. The guilty verdict on the count of second degree murder was rendered by a vote of 10-2. The trial court noted Mr. Monroe's contemporaneous objection to the verdict and thereafter denied Mr. Monroe's motion for new trial challenging the constitutionality of the non-unanimous jury verdict. This appeal followed.

An appellate brief was filed asserting one counseled assignment of error. On January 8, 2020, this Court received correspondence from Mr. Monroe requesting to view the record and for leave to file a *pro se* supplemental brief. On January 9, 2020, an order was issued transferring the record to Mr. Monroe and further granted him twenty days to file his supplemental brief. The State was provided fifteen days from the expiration of Mr. Monroe's filing delay in which to file its response.[1] On February 14, 2020, after the expiration of the above stated delays, the matter was deemed submitted. As of the date of submission, the Court had not received a supplemental brief from Mr. Monroe.

## ERRORS PATENT

The record was reviewed for errors patent pursuant to La. C.Cr.P. art. 920. None were found.

## DISCUSSION

In his sole counseled assignment of error, Mr. Monroe argues that his "conviction violates his Sixth Amendment right to counsel because it rests on a nonunanimous jury verdict."[2] This assignment of error is without merit.

In *State v. Bernard*, 2019-0208, p. 7 (La.App. 4 Cir. 9/18/19), 280 So.3d 718, 723, this Court observed:

> The Louisiana Supreme Court has consistently upheld the constitutionality of non-unanimous jury verdicts. *See State v. Bertrand*, 2008-2215 (La. 3/17/09), 6 So.3d 738; *State v. Edwards*, 420 So.2d 663 (La. 1982); *State v. Simmons*, 414 So.2d 705 (La. 1982); *State v. Jones*, 381 So.2d 416 (La. 1980). Likewise, the United States Supreme Court has held that the use of non-unanimous jury trials in state criminal cases does not violate a defendant's Sixth

---

[1] The State did not file an original appellee brief.

[2] We presume the reference to the "right to counsel" is an error as the substance of Mr. Monroe's counseled brief argues a Sixth Amendment violation with respect to the right to a jury trial. The Conclusion section of the brief states the "nonunanimous jury verdict that supports Monroe's conviction violates his Sixth Amendment right to a jury trial."

Amendment right to trial by jury. *See Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). The Supreme Court's decision in *Apodaca* currently controls.

Although the United States Supreme Court has granted review of the constitutionality of non-unanimous jury verdicts in *Ramos v. Louisiana*, ___ U.S. ____, 139 S.Ct. 1318, 203 L.Ed.2d 563, this Court has consistently applied the current controlling law. *See*, *e.g.*, *Bernard*, *supra*; *State v. Rainey*, 2019-0074, pp. 22-23 (La.App. 4 Cir. 10/9/19), 282 So.3d 360, 374; *State v. Laurant*, 2019-0292, pp. 3-4 (La.App. 4 Cir. 7/31/19), ___ So.3d ___, ___, 2019 WL 3470924. In the absence of a contrary decision by the United States Supreme Court, *Apodaca* and *Bertrand* remain binding precedent.

## DECREE

For the foregoing reasons we affirm Mr. Monroe's conviction on the count of second degree murder.

**CONVICTION AFFIRMED**