STATE OF LOUISIANA       *       NO. 2019-KA-0722

VERSUS       *

      COURT OF APPEAL

RICHARD DONOVAN       *

      FOURTH CIRCUIT

      *

      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 531-459, SECTION "J"
Honorable Darryl A. Derbigny, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)


Leon Cannizzaro, District Attorney
Donna Andrieu, Assistant District Attorney
Irena Zajickova, Assistant District Attorney
Michael Ambrosia, Assistant District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR APPELLEE/STATE OF LOUISIANA

Mary Constance Hanes
LOUISIANA APPELLATE PROJECT
P. O. Box 4015
New Orleans, LA 70178-4015


      COUNSEL FOR APPELLANT/DEFENDANT




      **VACATED AND REMANDED**


**MAY 27, 2020**

*SCJ*
*EAL*
*RBW*

At the conclusion of his jury trial, on the charge of second degree murder, the defendant, Richard Donovan, was convicted of the responsive offense of manslaughter, by a non-unanimous jury verdict of ten to two. In this direct appeal of his conviction, the defendant raises four assignments of error, the first of which challenges the constitutionality of the non-unanimous jury verdict. While this appeal was pending, the United States Supreme Court announced a new constitutional rule in the case of *Ramos v. Louisiana*, __ U.S. __, 140 S.Ct. 1390, __ L.Ed.2d __ (2020), holding that non-unanimous jury verdicts in state felony trials are unconstitutional. Because the *Ramos* decision must be applied in all cases pending on direct review, we vacate the defendant's conviction and sentence, and we remand this case to the trial court. *See Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (holding that newly declared constitutional rules of criminal procedure apply to all criminal cases pending on direct review).

## BACKGROUND

On December 8, 2016, an Orleans Parish grand jury indicted the defendant on one count of second degree murder, a violation of La. R.S. 14:30.1. A three-

1

day jury trial commenced on August 27, 2018. At the conclusion of the trial, the jury found the defendant guilty of the responsive offense of manslaughter, a violation of La. R.S. 14:31. The jury's polling slips reflect a non-unanimous verdict of ten to two to convict the defendant of manslaughter.

On October 30, 2018, the trial court sentenced the defendant to 40 years at hard labor, to be served without the benefit of probation, parole, or suspension of sentence, under the firearm sentencing provisions of La. C.Cr.P. art. 893.3(E).

This direct appeal followed.

**DISCUSSION**

In his first assignment of error, the defendant argues that his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated by the lack of a unanimous verdict. In his brief, the defendant noted that, earlier in 2019, the U.S. Supreme Court had granted certiorari and heard oral arguments in the case of *Ramos v. Louisiana*, *supra*,[1] to consider the issue of whether non-unanimous jury verdicts violate the Sixth Amendment, and that the forthcoming ruling in *Ramos* would likely affect the outcome of his appeal.

At the time the defendant's appeal was submitted to this Court, the controlling Louisiana jurisprudence consistently upheld the constitutionality of non-unanimous jury verdicts for cases tried before a twelve-person jury, in accordance with La. C.Cr.P. art. 782.[2] *See State v. Bertrand*, 08-2215 (La.

---

[1] *See State v. Ramos,* 2016-1199 (La. App. 4 Cir. 11/02/17), 231 So.3d 44, *writ denied,* 2017-2133 (La. 6/15/18), 257 So.3d 679, and *writ denied sub nom. State ex rel. Evangelisto Ramos v. State,* 2017-1177 (La. 10/15/18), 253 So.3d 1300, and *cert. granted,* ___ U.S. ___, 139 S.Ct. 1318, 203 L.Ed.2d 563 ([Mar. 18] 2019). Oral arguments were held on October 7, 2019.

[2] Prior to being amended by Acts 2018, No. 493, §1, effective January 1, 2019, La. C.Cr.P. art. 782(A) provided, in pertinent part, that, "[c]ases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to

2

3/17/09), 6 So.3d 738 (upholding the constitutionality of La. C.Cr.P. art. 782, which sanctioned non-unanimous verdicts of ten out of twelve jurors in cases in which punishment is necessarily confinement at hard labor); *see also*, *State v. Ravy*, 19-0144, p. 17 (La. App. 4 Cir. 9/11/19), 282 So.3d 289, 301-02 (following *Bertrand*, and finding no merit to the defendant's argument challenging the constitutionality of his non-unanimous jury verdict); *State v. Hickman*, 15-0817, pp. 13-15 (La. App. 4 Cir. 5/16/16), 194 So.3d 1160, 1168-69 ("Under both state and federal jurisprudence, a criminal conviction by less than a unanimous jury does not violate Defendant's right to trial by jury as specified by the Louisiana Constitution, or the Sixth Amendment as made applicable to the states by the Due Process Clause of the Fourteenth Amendment.") The Louisiana jurisprudence upholding non-unanimous jury verdicts for serious felony offenses relied consistently upon the U.S. Supreme Court's decision in *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), as explained by the Louisiana Supreme Court in *Bertrand*, stating as follows:

> In *Apodaca*, the United States Supreme Court examined an Oregon statute similar to Article 782, in that the Oregon statute did not require unanimous jury verdicts in noncapital cases. In a plurality decision, the Court determined that the United States Constitution did not mandate unanimous jury verdicts in state court felony criminal trials, with four Justices holding that the Sixth Amendment guarantee of a jury trial, made applicable to the States by the Fourteenth Amendment, does not require that a jury's vote be unanimous. Justice Powell concurred in the judgment of the Court for reasons different than those expressed by the author of the opinion. Four Justices,

render a verdict." Following the passage of a constitutional amendment, in 2018, to require unanimous verdicts in Louisiana felony trials, La. C.Cr.P. art. 782(A) was amended and reenacted to provide, in pertinent part, as follows:

> A case for an offense committed prior to January 1, 2019, in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

disagreed, finding that the Sixth Amendment guarantee of a jury trial was made applicable to the States by the Fourteenth Amendment, and does require a unanimous jury.

The defendants argue here that, because no single rationale for the non-unanimity position prevailed in *Apodaca* and in light of more recent Supreme Court Sixth Amendment jurisprudence, the validity of the *Apodaca* decision is questionable. Defendants further argue that the *Apodaca* decision is diametrically opposed to the approach taken by the U.S. Supreme Court in recent Sixth Amendment cases involving Federal criminal jury trials, in that, rather than looking at the text of the Amendment and the Framers' understanding of the right at the time of adoption, the decision relied on the function served by the jury in contemporary society. Finally, defendants argue that the use of non-unanimous verdicts have an insidious racial component, allow minority viewpoints to be ignored, and is likely to chill participation by the precise groups whose exclusion the Constitution has proscribed.

This Court has previously discussed and affirmed the constitutionality of Article 782 on at least three occasions. In *State v. Jones,* 381 So.2d 416 (La.1980), we ruled that Article 782 did not violate the Sixth and Fourteenth Amendments. Later, in *State v. Simmons*, 414 So.2d 705 (La.1982), we found that Article 782 did not violate either the Fifth or Fourteenth Amendments. Finally, in *State v. Edwards*, 420 So.2d 663 (La.1982), we again affirmed the statute's constitutionality.

Despite defendants' arguments to the contrary, the case law of the United States Supreme Court also supports the validity of these decisions. Although the *Apodaca* decision was, indeed, a plurality decision rather than a majority one, the Court has cited or discussed the opinion not less than sixteen times since its issuance. On each of these occasions, it is apparent that the Court considered that *Apodaca's* holding as to non-unanimous jury verdicts represents well-settled law.

\*     \*     \*

Due to this Court's prior determinations that Article 782 withstands constitutional scrutiny, and because we are not presumptuous enough to suppose, upon mere speculation, that the United States Supreme Court's still valid determination that non-unanimous 12 person jury verdicts are constitutional may someday be overturned, we find that the trial court erred in ruling that Article 782 violated the Fifth, Sixth, and Fourteenth Amendments. With respect to that ruling, it should go without saying that a trial judge is not at liberty to ignore the controlling jurisprudence of superior courts.

4

Thus, at the time the instant appeal was submitted to this Court for a decision, the controlling jurisprudence had rejected the defendant's argument that a non-unanimous jury verdict violated his Sixth and Fourteenth Amendments rights.

But while this appeal was pending, on April 20, 2020, the U.S. Supreme Court released its opinion in *Ramos*, ruling that the Sixth Amendment right to a jury trial—as incorporated against the States through the Fourteenth Amendment— requires a unanimous jury verdict to convict a defendant of a serious offense.

In *Ramos*, the Court's majority overruled *Apodaca*, noting that that plurality decision was a "badly fractured set of opinions" that was was "gravely mistaken." *Ramos*, __ U.S. at __, 140 S.Ct. at 1397, 1405.  Justice Gorsuch further noted that, in presenting the State's argument in *Ramos*, "not even Louisiana tries to suggest that *Apodaca* supplies a governing precedent"; "[t]he State expressly tells us it is not 'asking the Court to accord Justice Powell's solo opinion in *Apodaca* precedential force.' Instead, in an effort to win today's case, Louisiana embraces the idea that everything is up for grabs. It contends that this Court has never definitively ruled on the propriety of nonunanimous juries under the Sixth Amendment—and that we should use this case to hold for the first time that nonunanimous juries are permissible in state and federal courts alike." *Ramos*, __ U.S. at __, 140 S.Ct. at 1399.

Now, in deciding *Ramos*, the U.S. Supreme Court has ruled definitively that non-unanimous jury verdicts are unconstitutional.  Furthermore, as recognized within the opinion, the Court's ruling invalidates the non-unanimous convictions of defendants who preserved the issue for review in cases still on direct review.[3]

---

[3] The Court further acknowledged that the question of whether the right to jury unanimity applies to cases on collateral review was not at issue and is left for a future case, which is "sure to come,

*Ramos*, __ U.S. at __, 140 S.Ct. at 1406-08; *see also*, *Griffith*, 479 U.S. at 328, 107 S.Ct. at 716 ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final"). Accordingly, the *Ramos* holding applies in this case and invalidates the defendant's conviction by a non-unanimous jury verdict.

In light of this result, any discussion of the defendant's other assignments of error is rendered moot.

## CONCLUSION

Finding that the new constitutional rule announced by the U.S. Supreme Court in *Ramos v. Louisiana*, which requires unanimous jury verdicts in state felony trials, applies to this direct appeal of the defendant's non-unanimous conviction, we hereby vacate the defendant's conviction and sentence, and we remand this matter to the trial court.

**VACATED AND REMANDED**

---

and will rightly take into account the States' interest in the finality of their convictions." *Ramos*, __ U.S. __, 140 S.Ct. at 1407.

6